JOHN B. FAULKNER *vs.* GEORGE I. BAILEY & another

Middlesex.　January 18. — 21, 1878.　COLT & ENDICOTT, JJ., absent.

Under the Gen. Sts. c. 155, § 14, a payment of interest on a promissory note by the principal does not take the debt out of the statute of limitations as against a · surety.

CONTRACT upon a promissory note, dated July 10, 1869, for $500, payable to the plaintiff, or order, on demand, with interest semiannually, signed by Samuel Shute as principal and by the defendants as sureties. Writ dated January 15, 1877. Answer, the statute of limitations.

At the trial in the Superior Court, before *Wilkinson,* J., the note was produced in evidence and the signatures of the defendants admitted. The plaintiff, to take the note out of the statute of limitations, relied upon payments of interest, regularly made every six months from the date of the note to January 10, 1876, and indorsed on the back of the note. These payments were made by Shute, and indorsed by him on the note. The defendants made no payments on the note, nor had they any knowledge of the payments by Shute, nor of the indorsements on the note.

The judge directed the jury to return a verdict for the defendants, and reported the case for the determination of this court.

*J. W. Pettengill,* for the plaintiff.

*O. S. Knapp & C. D. Adams,* for the defendants.

GRAY, C. J. It was formerly held in this Commonwealth, that an acknowledgment or promise, or a part payment, by one of two joint debtors, took the debt out of the statute of limitations as against both. *Frye* v. *Barker,* 4 Pick. 382. *Sigourney* v. *Drury,* 14 Pick. 387, 391. But the rule has been wholly changed by statute.

By the St. of 1834, *c.* 182, (which followed the St. of 9 G. IV. *c.* 14, commonly known as Lord Tenterden's Act,) it was enacted, that no acknowledgment or promise by words only should be deemed sufficient to take any case out of the operation of the statute of limitations, or to deprive any party of the benefit thereof, unless in writing and signed by the party chargeable thereby; and that when there should be two or more joint con-

tractors, no one of them should lose the benefit of the statute so as to be chargeable by reason only of a written acknowledgment or promise made and signed by any other or others of them; "provided always, that nothing herein contained shall alter or take away or lessen the effect of any payment of any principal or interest, made by any person whomsoever." Under that statute, although an acknowledgment by one joint contractor would have bound him only, a part payment by one might still have bound both.

The provisions of that statute were substantially reënacted in the Rev. Sts. *c.* 120, §§ 13–17, in the last of which sections it was provided that "nothing contained in the four preceding sections shall alter, take away or lessen the effect of a payment of any principal or interest, made by any person." But by § 18, it was further provided that, in case of two or more joint contractors, "no one of them shall lose the benefit of the provisions of this chapter, so as to be chargeable by reason only of any payment, made by any other or others of them." The effect of a part payment, as of an acknowledgment, was thus limited to him who made it. *Peirce* v. *Tobey,* 5 Met. 168. *Balcom* v. *Richards,* 6 Cush. 360.

All these provisions of the Revised Statutes are reënacted in the Gen. Sts. *c.* 155, §§ 13–17, without change, except in incorporating the provision of § 18, as to the effect of a payment by a joint contractor, into § 14, which limits the effect of an acknowledgment or promise by a joint contractor. This transposition cannot be construed to enlarge the operation of the provision of the Gen. Sts. *c.* 155, § 17, (which reënacts in very words the provision of the Rev. Sts. *c.* 120, § 17, above quoted,) without altering the effect of a payment at the time of the passage of the General Statutes, and wholly defeating the provision of § 18 of the Rev. Sts. retained in § 14 of the Gen. Sts.

The cases cited for the plaintiff contain nothing inconsistent with this view. In *Ramsay* v. *Warner,* 97 Mass. 8, 13, the question was of the debt to which the payment was to be applied, not of the party to be bound; in *Sigourney* v. *Wetherell,* 6 Met. 553, the payment was made by the person sought to be charged; and in *Sage* v. *Ensign,* 2 Allen, 245, it was made by one of two partners, who, by the very relation between them,

was authorized to bind his copartner. But under the General Statutes, as under the Revised Statutes, a part payment by a principal debtor does not take the debt out of the statute of limitations as against a surety. *Judgment on the verdict.*