## John R. Gates v. Hiram Fisk.

*Partnership note a joint contract.*

A partnership note is a joint contract within the meaning of Comp. L., § 7165, so that a payment thereon by one partner within the period of the statute of limitations will not bind the other if the firm had previously dissolved to the payee's knowledge.

The partnership name represents the constituents of the firm, and when it is rightly pledged the respective partners are jointly bound.

The Supreme Court will not weigh evidence in law cases and ascertain facts as a ground of final judgment.

Error to Washtenaw. Submitted January 21. Decided April 13.

Assumpsit. Defendant brings error. Reversed.

*Beakes & Cutcheon* for plaintiff in error. After dissolution of a firm the power of one partner to bind the firm to a more extended liability on a partnership debt by payment on new promise wholly ceases: *Atwood v. Gillett* 2 Doug. (Mich.) 216; *Pennoyer v. David* 8 Mich. 408; *Thompson v. Waithman* 3 Drew 628; *Bristow v. Miller* 11 Irish L. R. 461; *Kilgour v. Finlyson* 1 H. Bl. 155; *VanKeuren v. Parmelee* 2 Const. 523; *Bloodgood v. Bruen* 4 Seld. 362; 2 Pars. N. & B. 657; 1 Dan. Neg. Inst. § 370; payment by one partner after dissolution does not destroy the effect of the statute of limitations as to the other: *Rogers v. Anderson* 40 Mich. 290; *Myatts v. Bell* 41 Ala. 222; *Balcom v. Richards* 6 Cush. 360; *Graham v. Selover* 59 Barb. 313; even when made with the other's consent: *Sigler v. Platt* 16 Mich. 206; *Cockrill v. Sparkes* 1 H. & C. 699; see *Bush v. Stowell* 71 Penn. St. 208; *Coleman v. Fobes* 22 Penn. St. 156; *Levy v. Cadet* 17 S. & R. 126; *Searight v. Craighead* 1 Pen. and Watts 135; *Schoneman v. Fegley* 7 Penn. St. 433; *Hance v. Hair* 25 Ohio St. 349; *Day v. Baldwin* 34 Ia. 380; *Cowing v. Vincent* 25 U. C. (Q. B.) 427; after disso-

lution the liability of the partners on a firm debt is that of joint debtors, and the remaining member cannot bind the others as partners: *Coleman v. Fobes* 22 Penn. St. 156; *F. & M. Bank v. Kercheval* 2 Mich. 518.

*Sawyer & Knowlton* for defendant in error. A partnership debt once created always continues such unless changed by the act of the creditor: *Botsford v. Kleinhans* 29 Mich. 332; *Bedford v. Deakin* 2 B. & Ald. 210; *Ault v. Goodrich* 4 Russ. 430; *Cady v. Shepherd* 11 Pick. 400; *Bridge v. Gray* 14 Pick. 55; *Gay v. Bowen* 8 Met. 100; *Wood v. Braddick* 1 Taunt. 104; even after dissolution, since they are still partners as to existing debts in making settlement: Coll. on Part. § 432; *Bissell v. Adams* 35 Conn. 299; *Smith v. Winter* 4 M. & W. 461; *Butchart v. Dresser* 10 Hare 453; *Patterson v. Choate* 7 Wend. 441; *Murray v. Mumford* 6 Cow. 441; the statute of limitations does not apply to partners, while making payments on partnership debts: Parsons on Part. (3d ed.) 307, note *y y ; Willis v. Green* 5 Hill 232–234; *Gates v. Beecher* 60 N. Y. 518; Story on Part §§ 89–90; Lind. on Part 31–32; a distinction has always been made between payments made by partners before and those made after the statute of limitation has attached: 1 Greenl. Ev. § 112; Coll. on Part. 177; *Bowdre v. Hampton* 6 Rich. (S. C.) 208; *Fisk v. Frank* 1 McCourt. Ch. 175; *Scales v. Jacob* 3 Bing. 638; *Gardner v. M'Mahon* 3 A. & E. (N. S.) 566; until the payee knows of the dissolution, any contract made by one partner within the scope of the partnership business binds the other partner also: *Pratt v. Page* 32 Vt. 15; payment by the liquidating partner would take the case out of the statute of limitations: *Reppert v. Colvin* 48 Penn. St. 248; a partnership debt remains so after dissolution: Parsons on Part. (3d ed.) 395, 398, 388, 421, 457; Coll. on Part; § 106; *Whiting v. Farrand* 1 Conn. 60; *Gay v. Bowen* 8 Met. 100; the partners are all responsible *in solido*, and all the joint property of the firm is just as liable for the partnership debts after as before dissolution, any arrangement between the partners to the contrary

notwithstanding: Parsons on Part. (3d ed.) 428, *395; Story on Part. § 334; Coll. on Part. § 106; the power of a partner to bind each member of the firm remains the same after as before dissolution, when his acts or admissions are confined to partnership matters then existing in which they all still have a common interest, even with creditors having knowledge of the dissolution, but he cannot create a new debt or revive one barred by the statute: *Pennoyer v. David* 8 Mich. 407; *Smith v. Shelden* 35 Mich. 42; *Cady v. Shepherd* 11 Pick. 400; *Holmes v. Shands* 27 Miss. 44; Parsons on Part. § 395; he can close all business transactions of the firm: *Palmer v. Dodge* 4 Ohio St. 21; settle up the business of the firm: *Parker v. Cousins* 2 Gratt. 372; *Long v. Story* 10 Mo. 637; *Marton v. Walton* 1 McCord 16; *Parker v. Macomber* 18 Pick. 505; *Fellows v. Wyman* 33 N. H. 351; settle all demands in favor of *or against* the firm: *Lockwood v. Comstock* 4 McLean 383; sign the firm name for that purpose: *Hamilton v. Seaman* 1 Ind. 185; *Martin v. Kirk* 2 Humph. 529; assign to a creditor of the firm a demand due to the partnership: *Milliken v. Loring* 37 Me. 408; *Daby v. Ericsson* 45 New York 786; *Loeschigk v. Hatfield* 51 N. Y. 660; but not indorse a note due the firm; *Sanford v. Mickles* 4 Johns. 224; draw bills upon debtors, and when accepted, bring suit in name of firm: *King v. Smith* 4 C. & P. 108; collect, compound and release debts of the firm: *Napier v. McLeod* 9 Wend. 120; *Huntington v. Potter* 32 Barb. 300; sell goods consigned to the firm before dissolution: *Heberton v. Jepherson* 10 Penn. St. 134; acknowledge in the partnership name a balance due from the firm: *Ide v. Ingraham* 5 Gray 106; *Temple v. Seaver* 11 Cush. 314; *Bank v. Pratt* 51 Me. 563; *Gannett v. Cunningham* 34 Me. 58; *Cunningham v. Bragg* 37 Ala. 436; arrange-liquidate and pay existing firm indebtedness: *Darling v. March* 22 Me. 184; borrow money to pay partnership debts: *Estate of Davis & Desanque*, 5 Wheat. 530; pay from his own means a valid subsisting debt against the firm and the right to claim an allowance and contribution from the others therefor: *Gates v. Beecher* 60 N. Y. 524; do "every act of

administration necessary to winding up the firm, and *bind all the rest:*" 2 Bell. Com. Book 7, ch. 2, p. 643; partners do not become joint debtors after dissolution of the partnership: *Schoneman v. Fegley* 7 Penn. St. 433; *Whipple v. Stevens* 22 N. H. 219; part payment by one partner before the statute of limitations attached, forms a new point from which the statute begins to run as to all the partners: *Hicks v. Lusk* 19 Ark. 692; *Burr v. Williams* 20 Ark. 171; *Pennoyer v. David* 8 Mich. 407; *Tillinghast v. Nourse* 14 Ga. 641; *Partlow v. Singer* 2 Ore. 307; *Palmer v. Dodge* 4 Ohio St. 21; *Turner v. Ross* 1 R. I. 88; *Joslyn v. Smith* 13 Vt. 353; *Carlton v. Ludlow Woolen Mill* 28 Vt. 504; *Mix v. Shattuck* 50 Vt. 421; *Bank v. Hartfield* 5 Ark. 551; *Coleman v. Fobes* 22 Penn. St. 156; *M'Intire v. Oliver* 2 Hawks (N. C.) 209; *Brewster v. Hardeman* Dudley (Ga.) 138; where the dissolution is by mutual consent those who deal with the firm are entitled to notice, or the firm is bound, even by any new contract the partners may make with such creditor: Story on Part § 334; *Vice v. Fleming* 1 Young & J. 227; *Pecker v. Hall* 14 Allen 532; *Dickinson v. Dickinson* 25 Gratt. (Va.) 321; actual notice of its dissolution must be brought home to the creditor: *Johnson v. Totten* 3 Cal. 343; *Page v. Brant* 18 Ill. 37; *Vernon v. Manhattan Co.* 17 Wend. 524.

GRAVES, J.   Fisk brought this action on the 27th of February, 1878, to recover under the common counts against Gates on a promissory note of the following tenor:

"$300.                            CHELSEA, Nov. 27, 1868.

One day after date we promise to pay Hiram Fisk, or bearer, three hundred dollars, at ———, value received, with interest at 10 per cent.

CONGDON & GATES."

There were indorsements of six payments: $30 November 25, 1869; $30 November 27, 1870; $30 November 27, 1871; $30 November 27, 1872; $30 November 27, 1873, and $30 November 27, 1874.   The defense relied on was the statute of limitations.   The trial was before a jury, and the

circuit judge, entertaining doubt respecting the rule of law, directed a verdict for the plaintiff.

Some further explanation is necessary. On the 27th of November, 1868, and for some time prior thereto, the plaintiff in error and one Albert Congdon were merchandising at Chelsea as copartners under the name of " Congdon & Gates" and the note in suit was duly given by the firm to the defendant in error. February 1, 1870, the partnership was dissolved by mutual agreement. It was arranged that Congdon should settle up the business and pay the debts and for the time being he continued merchandising as successor of the firm at the same place. The payments indorsed were all made by him to Fisk and there was abundant evidence direct and circumstantial for the judgment of the jury as to whether Fisk did not become aware of the dissolution prior to the payment of November, 1872. June 27, 1877, Congdon died. The material question is whether, supposing Fisk to have become aware that the firm had been dissolved, the payment to him by Congdon in November, 1872, operated to charge Gates with liability on the note for the ensuing six years; because if it did not, the action, as counsel admit, cannot be maintained.

The case has been presented with marked ability, and the rulings of many courts as well as the views of eminent text-writers have been critically examined and compared.

The authorities are irreconcilably at variance and it would be a bootless task to attempt their classification. There is much eminent opinion that on general principles, a payment by one partner, if there be nothing more, after dissolution and before any bar has attached, will not affect the right of another partner to plead the statute. But the question is not one of practical importance in this State in case the provision of our statute (Comp. L. § 7165) is applicable and the counsel on each side assume that the event of this suit depends on whether it is applicable or not. The provision referred to is as follows: "If there are two or more joint contractors, or joint executors or administrators of any contractor, no one of them shall lose the benefit of the provisions of this chapter,

so as to be chargeable by reason only of any payment made by any other or others of them."

The counsel for the defendant in error has dwelt with much ingenuity on the relations which obtain in point of law between the members of a dissolved firm in respect to firm contracts which remain binding on them after dissolution : and has proceeded to contrast those relations with such as exist in the case of parties who have become joint debtors through other than partnership transactions, and to point out some material distinctions, and the existence of these distinctions is made use of to found an inference that persons under mere partnership obligations are not after voluntary dissolution either joint debtors or joint contractors, and hence are not within the meaning of the statute above quoted.

Is not this reasoning calculated to mislead? That important distinctions obtain there is no doubt. But the bare fact that differences exist cannot exclude the partnership obligations from the category of joint contracts unless they show that an obligation of that kind lacks some quality which is inherently indispensable to a joint contract, or possesses some quality which cannot in the nature of things co-exist with one. But nothing of that kind appears.

The partnership name represents the constituents of the firm, and when it is rightly pledged the respective partners are jointly bound. *Condee and Scribner v. Clark and Brown* 2 Mich. 255.

It is entirely consistent with reason that joint contracts should arise under various producing causes and be distinguished from each other by particular incidents of more or less importance. The grounds of distinction may supply criteria for proper and convenient classification under the common head, but will not justify the rejection of any form from the general group to which its nature assigns it. The contract of the obligées in a bond, the undertaking of the ordinary co-makers of a promissory note, and the agreement by a partnership which is left unperformed on the occurrence of a voluntary dissolution, are distinguishable in many respects which are quite material; yet they possess certain

very substantial properties in common, and all fall under the denomination of joint contractors.

Without extending these observations it remains to say that in *Peirce v. Tobey* (5 Met. 168) the Supreme Court of Massachusetts ruled expressly that their statute, which is the same as our own (*Faulkner v. Bailey* 123 Mass. 588) was applicable to partnership contracts remaining unperformed after voluntary dissolution, and very recently the Vice-Chancellor of England has decided in the same way on a statute which, as to this question, is not distinguishable. *Watson v. Woodman* L. R. 20 Eq. Cases 721 : 15 Eng. 572.

The case has been argued on the assumption on both sides that, to constitute a defense for Gates under the statute, it should appear that Fisk at the time of receiving the payment, 1872, had notice or knowledge of the fact that a dissolution had taken place, and there is no question before the court on that subject. The view in which counsel have thus concurred has respectable support. *Sage v. Ensign* 2 Allen 245 ; *Tappan v. Kimball* 30 N. H. 136.

As already mentioned, there was evidence in regard to notice for the jury to consider ; but the fact has not been found and remains to be settled by the proper tribunal of original jurisdiction. It is not the province of this court to weigh evidence and ascertain the facts as a ground of final judgment here. Assuming that Fisk knew or had reason to believe that a dissolution had taken place, it follows that Gates is entitled to the benefit of the statute.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.