CLEMENT, Appellant, vs. CLEMENT, imp., Respondent.

*October 14 — November 1, 1887.*

*Limitation of actions, acknowledgment by one partner: Partnership, liability after dissolution.*

1. Whether or not sec. 4244, R. S., applies to partners as joint contractors, in respect to a firm note, all of them will be bound by a promise to pay or an acknowledgment of such note made by one of them, after the dissolution of the firm but within the period of limitation, if such dissolution was at the time unknown to the payee.

2. A note, executed by one former partner, in the name of the firm after its dissolution, binds all such partners, unless the payee had notice of the dissolution.

APPEAL from the County Court of *Fond du Lac* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Kate H. Pier*, of counsel, and oral argument by *C. K. Pier.* They argued that notice of the dissolution of a partnership was necessary to relieve a retiring partner from liability on a note subsequently executed by the continuing partner in the firm name, and the burden of proof thereof is on him, citing authorities.

For the respondent there was a brief by *H. F. Rose*, attorney, and *A. M. Blair*, of counsel, and oral argument by *Mr. Blair.* They contended, among other things, that the evidence shows a dissolution of the partnership, and notice thereof to the plaintiff, or at least knowledge of facts sufficient to put a prudent man upon inquiry. Lindley on Partnership, 407, and note; *Young v. Tibbitts*, 32 Wis. 80; *Irby v. Vining*, 2 M'Cord, 379. As to the defendant *Stephens*, the statute of limitations had run upon the note, the loan having been made to the defendant Charles, and the payments having all been made by him. After dissolution, the partners are merely joint contractors and cannot bind one another. *Shoemaker v. Benedict*, 11 N. Y. 176; *Payne v. Slate & Gardner*, 39 Barb. 634; *S. C.* 29 N. Y. 146; *Graham v. Selover*, 59 Barb. 313; *Baker v. Stackpoole*, 9 Cow. 420; *Gates v. Fisk*, 45 Mich. 522.

ORTON, J. This action was brought upon two promissory notes given to the plaintiff by the firm of Clement Bros., composed of the defendants, the first dated December 1, 1874, for $125, payable ninety days after date, and the other dated April 13, 1875, for $633.80, payable one year after date. The defendant Charles Clement in his answer admits the signing of both notes and the receipt of the money, and alleges that he made all the payments thereon up to 1884, and counterclaims for board of plaintiff. The

defendant *Stephen*, while admitting the partnership up to January 1, 1875, denies its continuance after that date, and alleges a dissolution thereof on that day, with the knowledge of the plaintiff, before the last note was given, and pleads the statute of limitations upon both of said notes.

The payments proved were sufficient to cancel the first note, and to reduce largely the other note, and these payments, running along from July, 1875, until and including September 1, 1884, were all made by the defendant Charles. In short, the pleadings are such that the following material issues were made: *First.* Whether there was a dissolution of the firm January 1, 1875, or before the last note was given. *Second.* Whether if there was, the plaintiff had notice thereof, before receiving said note and the payments thereon. The referee found that the defendants had failed to show by a preponderance of proof that the partnership was dissolved "January 1, 1875," and that they failed to show by a preponderance of proof that the partnership was dissolved "at any particular or specified date." This last finding is extremely awkward, but it may be substantially sufficient, if we can construe it to mean that there was no preponderating evidence that the partnership was dissolved before the last note was given. If the evidence did not show the date of the dissolution, it did not show that its date was before the last note was given, as an affirmative fact to be proved by the defendants. Having thus found, the referee very properly did not find whether the plaintiff had any notice of such dissolution. The referee held both defendants, as the partnership of "Clement Bros.," liable for the balance of the notes.

On the counter-motions to confirm, or set aside, or modify the report of the referee, the county court confirmed the report as to the defendant Charles, and rendered judgment against him accordingly, but set aside the report of the referee as to *Stephen Clement* and dismissed the complaint

as to him with costs.   Whether the county court found that
there was preponderating evidence of the dissolution before
the note was given, and discharged the defendant *Stephen
Clement* on that ground alone, or found, besides this, that
the plaintiff had notice of such dissolution before the note
was given, as we understand the law, the finding of the
first fact made the other necessary in order to exonerate
the defendant *Stephen*.   On reading the evidence, we are
inclined to hold that the referee was right in his finding,
and the court was wrong.   Although there was some evi-
dence of a dissolution, at some time, the date of that occur-
rence was left by the evidence very uncertain.   The finding
of the second fact by the county court, if such fact was
found at all, that the plaintiff had notice of the dissolution
before the note was given, or the payments made upon it
within the period of limitation, we cannot but think was
entirely without proof.   If the county court was wrong as
to the fact that a dissolution took place January 1, 1875,
or before the last note was given, that ends the case.
But we will not rest the decision of the cause upon that
finding, but upon the finding (or what should have been the
finding) that the plaintiff had no notice of such dissolution
before the note was given or the payments made.   And
this raises the only real question of law in the case.

It does not seem to be controverted by the learned coun-
sel of the respondent that the defendant *Stephen Clement*,
or the partnership, was bound by the second note, unless the
plaintiff had notice of the dissolution before it was given.
The plaintiff had dealings with the firm, and took the first
note so recently that there can be no question but that he
had a right to assume the continuance of the partnership to
the time of giving the second note, unless he had notice of
the dissolution.   This is elementary.   Pars. Partn. § 411
*et seq*.   But the question whether, if the partnership had
been previously dissolved in fact, notice of it to the plaintiff

is necessary to make the payments or promise made by one partner have the effect to remove the bar of the statute of limitations, is seriously and plausibly controverted by the learned counsel of the respondent. The statute, sec. 4244, R. S., is invoked to show that the payment or acknowledgment made by one joint contractor shall not have such effect. There may be some question whether this statute is applicable to partnerships, or to partners as joint contractors. But it has been held by some courts in states where this statute exists, that it has application *sub modo*, but not to dispense with the necessity of notice to the creditor of the dissolution, as in *Peirce v. Tobey*, 5 Metc. 168, and *Faulkner v. Bailey*, 123 Mass. 588.

In the case, specially cited and relied upon in the brief of the respondent, of *Gates v. Fisk*, 45 Mich. 522, it was held "that a partnership note is a joint contract, within the meaning [of the statute], so that a payment thereon, by one partner within the period of the statute of limitations, will not bind the other, if the firm had previously dissolved, *to the payee's knowledge*." There are incidents, rights, and liabilities of a partnership which make the members of the firm in such case something more than mere joint contractors, and it is only after notice of dissolution to the creditor, which places the partners upon the same footing of other joint contractors in respect to a promise by one not removing the bar of the statute as to another partner, that the statute has any application. "Until the payee knows of the dissolution, any contract made by one partner within the scope of the partnership business binds the other partner also." *Pratt v. Page*, 32 Vt. 15. And "payment by the liquidating partner would take the case out of the statute of limitations." *Reppert v. Colvin*, 48 Pa. St. 248. A partnership debt remains the same after dissolution, and the partners are all responsible *in solido*, any arrangements between the parties to the contrary notwithstanding, and they are still agents for each other in making payments, or

doing anything else material to the contract. Pars. Partn. (3d ed.), 388, 395, 398, 421, 457; Colly. Partn. § 106; *Whiting v. Farrand*, 1 Conn. 60; *Gay v. Bowen*, 8 Metc. 100; Story, Partn. § 334. Dissolution does not revoke the authority of one partner, as agent for the others, to arrange, liquidate, settle, and pay the debts before created. Pars. Partn. § 390. Part payment by one partner before the statute of limitations has attached, as in this case, forms a new point from which the statute begins to run as to all the partners. *Pennoyer v. David*, 8 Mich. 407; *Palmer v. Dodge*, 4 Ohio St. 21; *Turner v. Ross*, 1 R. I. 88; *Joslyn v. Smith*, 13 Vt. 353; *Mix v. Shattuck*, 50 Vt. 421; *Coleman v. Fobes*, 22 Pa. St. 156. Many authorities hold that until notice of the dissolution, the firm is bound even by a new contract that any of the partners make with a creditor. *Pecker v. Hall*, 14 Allen, 532; *Dickinson v. Dickinson*, 25 Grat. 321; *Page v. Brant*, 18 Ill. 37; Pars. Partn. § 397; *Lovejoy v. Spafford*, 93 U. S. 430.

It is perfectly clear, then, that these payments, scattered along almost every year since the giving of the note until 1884, by Charles Clement, removed the bar of the statute as to *Stephen* also, the plaintiff having had no notice of the dissolution. This disposes of this case, whether there was a dissolution or not, as there was no evidence of the plaintiff's knowledge of it. Both Charles and *Stephen Clement* were alike bound, and as to neither had the statute of limitations run upon either note. The county court should have so found, and rendered judgment against both of the defendants as an existing partnership.

*By the Court.*— The judgment of the county court appealed from is reversed, and the cause is remanded with directions to render judgment in said action also against *Stephen Clement* for the amount unpaid of said note, and interest, the same as against said Charles Clement.

See note to this case in 35 N. W. Rep. 18.— REP.