# A. C. ATKINSON *vs.* M. W. NASH.

Argued Jan. 23, 1894. Affirmed Feb. 9, 1894.

No. 8560.

**Taking depositions within the state.**

A deposition within this state can only be taken when one of the causes or reasons exists, specified in 1878 G. S. ch. 73, § 16. If taken in accordance with the provisions of section 36 of the same chapter, as amended, (Laws 1885, ch. 53,) the certificate must be in the form laid down in section 37; and then it is incumbent upon the party who wishes to use it to show to the court that a cause or reason existed for the taking, and that it still exists.

Appeal by plaintiff, A. C. Atkinson, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made September 19, 1893, granting the motion of the defendant M. W. Nash for a new trial.

In 1890, the defendant, M. W. Nash employed plaintiff to sell at $600 per front foot, a lot of forty feet front being a part of lot 5 in block 24 in the original town of Minneapolis. Plaintiff sold it to James McMillan and brought this action to recover a reasonable commission for his services. On April 21, 1893, plaintiff's attorney gave notice that the deposition of John Schurch residing in Minneapolis would be taken there before John H. Nickell, a notary public, at his office on April 24, 1893, at 10 A. M. to be used on the trial of the action. At the appointed time defendant appeared and objected that the deposition could only be taken pursuant to 1878 G. S. ch. 73, § 16, and he then withdrew. The deposition was taken and the notary certified thereon that the reason for taking it was that Schurch was a travelling salesman and about to leave the state and would not return in time for the trial. At the trial June 20, 1893, the deposition was offered in evidence without other proof of Schurch's absence. Defendant objected but was overruled, and he excepted, and the deposition was read to the jury. Plaintiff had a verdict for $540. On motion the trial court set aside the verdict and granted a new trial on the ground that the deposition had been improperly received in evidence. Plaintiff appeals.

*S. R. Child*, for appellant.

*T. E. Byrnes*, for respondent.

COLLINS, J. The only question to be considered in this case arises by reason of a ruling upon the trial below, whereby the court allowed to be read in evidence the deposition of one of plaintiff's witnesses, and then, believing that error had been committed, ruled that the verdict should be set aside, and defendant's motion for a new trial granted. The deposition was taken before a notary public in the city and county in which the witness resided, this appearing in the deposition itself, and in which the action was pending, upon notice to the adverse party, pursuant to the provisions of 1878 G. S. ch. 73, § 36, as amended by Laws 1885, ch. 53. A reference to the history of sections 36 to 40, inclusive, and to the amendment to section 36, seems necessary. Prior to 1873 none of these sections existed. That year (Laws 1873, ch. 61) there was passed an act of the Legislature entitled "An act to provide a more efficient method for the taking of depositions of persons without the state." In substance, the first four sections of this act were the same as sections 36, 37, 38, and 39 of said chapter 73.

By Laws 1876, ch. 68, there was added another section—now section 40 of chapter 73—to the law of 1873, and the phraseology of the first section was somewhat changed, so that the statute upon this subject then stood as now found in chapter 73. By Laws 1885, ch. 53, 1878 G. S. ch. 73, § 36, was amended so that it now reads: "Whenever the testimony of any person within or without this state is wanted in any civil action," etc. No other change was made, and, as a consequence, there is nothing in section 36, or any subsequent section of the law, which qualifies or limits the right of a party to a civil action to take the testimony of any witness by deposition, upon notice, and to use it upon the trial of his case without attempting to secure the personal attendance of such witness, and without regard to his whereabouts at the time of the trial, or his ability to be present. It is hardly fair to suppose, we think, that the Legislature, without so saying, intended, by this statute, to make so radical a departure from, and to innovate so remarkably upon, the long-established rules of law respecting the conduct of cases, and, with proper specified exceptions, for the

personal attendance of witnesses in ordinary civil cases. This is more apparent when we look at the title of the original act in 1873. It is evident that the then existing method of taking depositions of persons without the state was thought to be inefficient, and the design was to remedy this.

Evidently the new law worked well in practice, and after more than ten years' experience it was deemed advisable to adopt a more efficient method for taking the depositions of persons within the state, and this was done by simply inserting the words "within or" in the statute. There was nothing whatever in the law to indicate that its operation in the state was to be broader or more general, or to cover cases not already provided for; nothing to indicate that its office was to allow a deposition to be taken and used where the right did not already exist, or where the conditions under which a deposition could then be taken within the state were wanting. The circumstances which authorized the taking of the depositions of witnesses within this state had been prescribed many years before the enactment of 1873, in the language found in Laws 1878, ch. 73, § 16. It was provided that where a witness whose testimony was wanted in a civil action lived more than thirty miles from the place of trial, or was about to go out of the state and not to return in time for trial, or was so sick, infirm, or aged as to make it probable that he would not be able to attend the trial, his deposition might be taken. Notice was required to be given to the opposite party, and the deposition was to be taken and reduced to writing by a Justice of the Peace, who attached thereto a prescribed form of certificate. Among other things certified to by the Justice (section 25) was the true reason for the taking of the deposition. An examination of the statutes of the state of Massachusetts will show that our statute was taken from theirs. It has been held in that state that, where it is made the duty of the magistrate taking the deposition to certify the reason for taking it, his certificate of the cause of taking is *prima facie* proof of the fact, and renders the deposition admissible, unless it is shown, under a section of their statute similar to our own, (1878 G. S. ch. 73, § 27,) that the cause or reason for taking it no longer exists. *West Boylston* v. *Sterling,* 17 Pick. 126. Nor need it appear in either deposition or certificate in what manner, or by what evidence,

the magistrate became satisfied of the existence of the cause of the taking; it is enough if he officially certifies to it. *Littlehale* v. *Dix*, 11 Cush. 365.

But in the case at bar the deposition was not taken in accordance with any statute which authorizes or requires the officer taking the same to certify the reasons for its being taken; nor did these reasons appear in the deposition itself. The only certificate authorized is that for which a form is given in section 37, and that is silent on the subject, obviously because it was not prepared, nor was it intended, for use upon a deposition taken within the state, and where the taking of this class of depositions was provided for in 1885. The form of certificate was not changed to correspond with the requirements of the new conditions. It is true that the notary who took this deposition did incorporate into his certificate the reason for taking it,—that the witness was about to leave the state, not to return in time for the trial; but he was not authorized or required by statute to do this, and hence it could not have the effect claimed for it. It did not become *prima facie* proof of the fact, so as to obviate the necessity of evidence that the witness had left the state, and had not returned at the time of the trial. The plaintiff's counsel could not take a deposition under the provisions of section 36 as amended, and then reach back to a statute authorizing a taking in an entirely different manner, by a Justice, only, for a form, or for part of a form, of certificate with which to authenticate it.

To summarize our views, we state that a deposition within the state can only be taken where one of the causes or reasons exists specified in 1878 G. S. ch. 73, § 16. If taken in accordance with the provisions of section 36 as amended, the authentication must be in the form laid down in section 37, and then it becomes incumbent upon the party who would use it, to show to the trial court that a statutory cause or reason existed for taking it, and that it still exists. Weeks, Dep. § 456; 1 Greenl. Ev. § 323; Tayl. Ev. § 391; *Fry* v. *Bennett*, 4 Duer, 247.

Possibly, the cause or reason may be made to sufficiently appear in the deposition itself, but we have no such case before us.

The plaintiff's counsel claims that the testimony of his client made a *prima facie* showing that the witness was absent from the state

at the time of the trial. We think not, even under the rule laid down in the case of *Renton* v. *Monnier*, 77 Cal. 449, (19 Pac. 820;) cited by him. Upon this, see Weeks, Dep. § 457.

For the error in permitting the deposition to be read to the jury, the court ruled correctly when setting aside the verdict.

Order affirmed.

CANTY, J., did not sit.

(Opinion published 58 N. W. Rep. 39.)