SUVIAH T. DAVISON *vs.* CHARLES K. SHERBURNE *et al.*

Argued May 8, 1894.   Reversed May 25, 1894.

No. 8698.

**Effect of Partial payment by one partner after dissolution of firm.**
A partial payment of a partnership debt, made by one partner after dissolution of the firm, will prevent the bar of the statute of limitations as to the other partners, in favor of a creditor who has had dealings with the partnership, and has had no notice of its dissolution.

**Deposition when may be read in evidence.**
*Atkinson* v. *Nash*, 56 Minn. 472, followed to the effect that where a deposition is taken pursuant to 1878 G. S. ch. 73, § 36, as amended by Laws 1885, ch. 53, it is incumbent on the party wishing to use it on the trial to show that a cause existed, and still exists, for taking it.

Appeal by Charles K. Sherburne, one of the defendants, from an order of the District Court of Hennepin County, *Thomas Canty, J.*, made November 29, 1893, denying his motion for a new trial.

On December 17, 1881, Elijah A. Harmon and Charles K. Sherburne were partners in grocery and crockery business at Minneapolis under the firm name of E. A. Harmon & Co.   They borrowed of plaintiff, Suviah T. Davison, of Hartford, Conn., on that day $2,221 and used it in liquidation of the partnership business.   They gave her their note for the amount due three years thereafter, signed, not with the firm name, but with the individual names of the two partners.   She did the business by correspondence with Harmon.   He was her relative and paid the interest on the note at various times down to December 17, 1889.   The defendant Sherburne claimed by his answer, and his evidence on the trial tended to prove, that the partnership was dissolved in June, 1881, and that the note to plaintiff was the individual note of the defendants and was given in settlement of Harmon's individual debt to her, that as to him (Sherburne) the statute of limitations barred a recovery.   The jury found for the plaintiff on this question.   At the trial on June 9, 1893, the plaintiff offered in evidence the deposition of the defendant, Elijah A. Harmon, taken at his residence at Minneapolis on December 17, 1892, before a Notary Public on notice to defendant Sherburne.   He objected on the ground that it did not appear that Harmon was not

then in the city and could not be procured; the objection was over-ruled and Sherburne excepted. The deposition was then read in evidence and plaintiff had a verdict for $2,760.47. Defendant Sherburne moved for a new trial. Being denied he appeals.

*A. Ueland,* for appellant.

The deposition was improperly received in evidence. This identical question was recently decided by this court in the case of *Atkinson* v. *Nash,* 56 Minn. 472. It was the only question in that case and was elaborately argued. This court held, sustaining the lower court, which had granted a new trial on that ground, that before a deposition so taken can be used the causes or reasons specified in 1878 G. S. ch. 73, § 16, must be shown to have existed for its taking and to still exist when the deposition is offered in evidence. Harmon's deposition was therefore not admissible and a new trial should have been granted for that reason.

This court has adopted the doctrine that one maker of a note cannot by payments take the note out of the statute of limitations as to another. *Willoughby* v. *Irish,* 35 Minn. 63. The question in this case is whether any payments of interest were made by Sherburne, or rather by his authority, for it is not claimed that any payment was made by Sherburne personally.

To justify the verdict it was necessary for plaintiff to show, (1) that the note was given by Harmon and Sherburne as partners, and (2) that the payments of interest up to December 17, 1886, were made by Harmon as Sherburne's partner. I call attention to the testimony and the court will see that there is nothing to show that the consideration for the note was received by the firm or for the use of the firm and hence that the note was not given for partnership purposes. *Thompson* v. *Bowman,* 6 Wall. 316; *National Bank of Commerce* v. *Meader,* 40 Minn. 325; *Griswold* v. *Waddington,* 16 Johns. 438; *Wells* v. *Ellis,* 68 Cal. 243; *Kennedy* v. *Porter,* 109 N. Y. 526; *Hayden* v. *Cretcher,* 75 Ind. 108; *Bowman* v. *Blodgett,* 2 Met. (Mass.) 308; *Payne* v. *Gardiner,* 29 N. Y. 146.

The court submitted the case to the jury with the proposition that if the partnership existed when the note was given December 17, 1881, and the note was given for partnership purposes, Sherburne might be held although the partnership had ceased to exist before

the payments were made which should stop the running of the statute. This should be, because plaintiff meanwhile received no notice of dissolution. But the want of notice of the dissolution could under no circumstances affect Sherburne's liability in this case, for two reasons; first, because the note was on its face notice that he was contracting in his individual capacity and not as a partner; second, because nothing was parted with on the faith of the partnership still existing. *Morrison* v. *Perry*, 11 Hun, 33; *Brisban* v. *Boyd*, 4 Paige, Ch. 17; *Walden* v. *Sherburne*, 15 Johns. 409; *Baker* v. *Stackpoole*, 9 Cow. 433; *Jansen* v. *Grimshaw*, 26 Ill. App. 287.

*Reed & Dougherty*, for respondent.

When Harmon's deposition was offered in evidence the objection was made that, "it does not appear that Mr. Harmon is not in the city and cannot be procured." Plaintiff then made statement to the court and counsel that "Harmon is out of the state." With this statement the court and counsel were satisfied and no question was made at that time.

The jury had evidence upon which to base a verdict and the court will find upon reading the settled case that this point of defendant is not sustained upon the whole evidence. The testimony of Harmon is that the partnership was never dissolved and that no notice of dissolution was ever given, that plaintiff loaned the money to the firm and they used it in paying company debts. This is uncontradicted. Sherburne does not know what the money was used for. He says: "I cannot recall any circumstances concerning the signing of that note."

If the making of the note was a partnership transaction as the jury must have found, and plaintiff knew that they were partners, then some notice or knowledge of the dissolution of the partnership was necessary to enable either partner to take advantage of the statute of limitations. A partial payment by a partner after the dissolution of the firm prevents a bar of the statute of limitations, providing a creditor has no notice of the dissolution. *Tappan* v. *Kimball*, 30 N. H. 136; *Kenniston* v. *Avery*, 16 N. H. 117; *Sage* v. *Ensign*, 2 Allen, 245; *Buxton* v. *Edwards*, 134 Mass. 567; *Gates* v. *Fisk*, 45 Mich. 522; *National Bank* v. *Norton*, 1 Hill, 572; *Leithauser* v. *Baumeister*, 47 Minn. 151; *Agnew* v. *Merritt*, 10 Minn. 308.

To avoid the bar of the statute of limitations as to others by payment by one of several makers of a note, it may be shown by parol that the makers were in fact partners when they signed the note, treated it as a partnership debt and used the money as partnership funds. Payment by one of several makers who were in fact partners when they signed the note will take it out of the statute as to others, if the note was a partnership debt and payment was made out of partnership funds. *Mix* v. *Shattuck*, 50 Vt. 421; *Monroe* v. *Williams*, 35 S. C. 572; *Williams* v. *Journal P. Co.*, 43 Minn. 537; *Rowell* v. *Oleson*, 32 Minn. 288; *Metzner* v. *Baldwin*, 11 Minn. 150; *Markham* v. *Buckingham*, 21 Ia. 494; *Whitman* v. *Keith*, 18 Ohio St. 134; *Weide* v. *Porter*, 22 Minn. 429.

The burden of proof of notice of dissolution is upon the partner desiring to establish the notice and a notice is necessary to terminate the agency of each partner. Making payments is included in the power to wind up a partnership, and such an act by a partner in his capacity as an agent for the purpose of winding up the business is effectual to prolong the time as against the copartners. *Beardsley* v. *Hall*, 36 Conn. 270; *Bissell* v. *Adams*, 35 Conn. 299; *Van Staden* v. *Kline*, 64 Ia. 180; *Greenleaf* v. *Quincy*, 11 Me. 11; *White* v. *Hale*, 3 Pick. 291; *McClurg* v. *Howard*, 45 Mo. 365; *Casebolt* v. *Ackerman*, 46 N. J. Law, 169; *Willis* v. *Hill*, 2 Dev. & B. 231; *Houser* v. *Irvine*, 3 Watts & S. 345; *Fisher* v. *Tucker*, 1 McCord, Eq. 169; 3 McCord, Eq. 278; *Turner* v. *Ross*, 1 R. I. 88.

MITCHELL, J. We are inclined to the opinion that the question whether the note in suit was executed during the existence of the copartnership between defendants, and for partnership purposes, was for the jury; although it must be admitted that the evidence tended very strongly to show that the partnership was dissolved the previous June, when it sold out its mercantile business, and that thereafter it existed only for the purpose of winding up, by collecting and distributing its assets and paying its debts.

The fact that the note was signed by defendants in their individual names, and not in the firm name, although an item of evidence of some weight, was not controlling or conclusive.

There was, however, ample evidence to justify, if not to require,

a finding that the partnership was dissolved prior to 1886, the date of the first payment on the note relied on to prevent the bar of the statute of limitations. The note is confessedly barred as to Sherburne, unless taken out of the statute by payments made by Harmon; and there is evidence that plaintiff had no notice or knowledge of the dissolution of the partnership when these payments were received, and but for them the note would have been barred.

This state of facts presents the principal legal question in the case, viz. whether a partial payment by one of the firm that contracted the debt, made after dissolution of the partnership, will prevent the bar of the statute as to the other partners, in favor of a creditor who has had dealings with the firm, and has had no notice of its dissolution.

It is the settled law of this state that one of several joint debtors cannot, from the mere fact of the existence of a joint liability, by his own several act or agreement, extend or renew the liability as against his co-obligors. *Willoughby* v. *Irish*, 35 Minn. 63, (27 N. W. 379.)

The power of one partner to bind the others rests upon the principle that each partner is, in contemplation of law, the general and accredited agent of the whole firm in all matters within the scope of the partnership business; and it follows that this power terminates with the dissolution of the copartnership.

And many cases can be found which contain the general and unqualified statement that an acknowledgment of a partnership debt by one partner after dissolution will not prevent the statute from running as to the other partners.

These statements are usually based on the want of authority, which terminates with dissolution. In most of these cases it will be found that the creditor had notice of the dissolution, and, as applied to such a state of facts, the statement is undoubtedly correct. But in some instances it would seem that the court had not presently in mind the important fact that, under some circumstances, notice of dissolution is necessary to terminate the partnership as to third parties, or, more accurately speaking, to terminate the power of one partner to bind the others. This is frequently illustrated by cases where those who have had previous dealings with the firm give new credits to the firm without notice of its dissolution. It is said

in such cases that the person has parted with something of value on the credit of the firm, whereas in the case of a part payment of an existing partnership debt the creditor parts with nothing, but in fact receives something.

It seems to us that this is more plausible than sound.    We cannot see that the equity of one who sells goods on the credit of a firm which he supposes still to exist is any stronger than that of a cred-- itor who, having no knowledge of the dissolution, has refrained from reducing his claim to judgment, in reliance on part payments as a protection from the statute.

We think that, upon principle as well as ·thority, the correct rules are as follows:    As between themselves, neither partner after dissolution has any power to act for or bind the other.    Neither are they capable of doing so with respect to others with whom the firm had previous dealings, who had received notice of the dissolution; nor with respect to those with whom they had not previously dealt as part- ners at least after public notice of dissolution, if at all.    But with re- spect to those with whom they had previosuly dealt as partners, and who had not notice or knowledge of the dissolution, they are still, in the eye of the law, partners, capable of binding one another in mat- ters within the scope of the partnership business.    Within the princi- ple of this last proposition, a partial payment by a partner after dis- solution of the firm will prevent the bar of the statute as to the other partners, in favor of a creditor who has had dealings with the firm, and has had no notice of its dissolution.    *Kenniston* v. *Avery*, 16 N. H. 117; *Tappan* v. *Kimball*, 30 N. H. 136; *Sage* v. *Ensign*, 2 Allen, 245; *Buxton* v. *Edwards*, 134 Mass. 567; *Gates* v. *Fisk*, 45 Mich. 522, (8 N. W. 558;) *Clement* v. *Clement*, 69 Wis. 599, (35 N. W. 17.) See, also, *Leithauser* v. *Baumeister*, 47 Minn. 151, (49 N. W. 660.)

Counsel for appellant is in error in saying that these authorities are from jurisdictions committed to the doctrine of *Whitcomb* v. *Whiting*, 2 Doug. 652, that a payment of one joint debtor will prevent the bar of the statute as to the others.    Most, if not all, of them are from states where, either by statute or by judicial decision, the law is the same as laid down in *Willoughby* v. *Irish*, *supra*.    We have found no case to the contrary, except *Tate* v. *Clements*, 16 Fla. 339, where the question was directly involved, and presently in the mind

of the court. We are therefore of opinion that the charge of the court was a correct exposition of the law.

But, according to the doctrine of *Atkinson* v. *Nash*, 56 Minn. 472, (58 N. W. 39,) the court erred in admitting the deposition of Harmon, taken pursuant to 1878 G. S. ch. 73, § 36, as amended by Laws 1885, ch. 53, there being no showing that a cause existed and still exists for taking and using the same. We do not think the record justifies the contention of respondent's counsel that appellant's counsel accepted his statement on the trial that Harmon was "not in the city" as a sufficient showing. For this error, the order denying a new trial is reversed.

BUCK and CANTY, JJ., took no part.

(Opinion published 59 N. W. 316.)