THOMAS D. WILLIAMS, Appellant, vs. WILLIAM H. ANDERSON, Respondent.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

A judgment *non obstante veredicto* is a judgment entered, by order of the court, for the Plaintiff, in an action at law, notwithstanding a verdict in favor of the Defendant. It is always upon the merits, and never granted but in a very clear case, as when it appears from the plea that the Defendant can have no merits.

The complaint alleged that the Defendant employed the Plaintiff to work for him a year at a salary of $350; that at the expiration of some two months Defendant discharged Plaintiff, without cause; that Plaintiff had offered and always been ready to perform on his part, but that Defendant refused to perform, &c., claiming the stipulated price as damages. The answer denied the offer and readiness to perform, and also that the Plaintiff had sustained any damage, alleging that immediately on his discharge he had engaged to labor for other persons at large monthly wages. *Held*, that each of these denials raised a material issue, which would constitute a good defence if sustained by proof.

In a suit to recover a stipulated compensation the Defendant may show, in diminution of damages, that after the Plaintiff had been dismissed he had engaged in other business.

Points and authorities for Appellant.

I. The verdict of the jury upon the contract is *special*, and upon all other issues it is *general* for the Plaintiff. *Comp. Sts. Minn., ch.* 61, *sec.* 35, *p.* 561.

II. The jury, by their *general* finding, say in effect that the Plaintiff had performed a part of his contract, and had held himself in readiness to perform it entire, and that the Defendant, without any justifiable cause, has refused to allow him to complete the contract. This finding by the jury shows that the Plaintiff has done that which is in law equivalent to a full, entire, and complete performance of his contract. That in law the Plaintiff did perform manual labor for the Defendant during one entire year, and that therefore he is entitled to receive of the Defendant the entire unpaid balance of the contract price, which is the sum of $304.52. *Chitty on Contracts, marg. p.* 638 ; 1 *Peters' Rep.,* 8, 9 : 465 ; 6 *Vermont Rep.,* 333 ; 8 *Id.,* 54 ; 34 *Maine Rep.,* 102 ; 13 *John.,* 58, 94 ; 12 *Id.,* 165 ; 3 *Minn. Rep.,* 190.

III. The facts stated in the Defendant's answer, to the effect that the Plaintiff, after being discharged from the service and employ of the Defendant, obtained other employment, and that consequently the Plaintiff was not damaged in any sum, constitute no defence to this action, either in whole or in part, for the reason that the facts charged in the complaint do not *sound in damages,* and damages are not charged or claimed, and therefore the denial of damages is an immaterial and irrelevant denial, and such denial is not *new matter.*

L. M. BROWN, Counsel for Appellant.

A. G. CHATFIELD, Counsel for Respondent.

*By the Court*—ATWATER, J.—The Appellant brought his action to recover damages for breach of contract. The complaint alleges that the Plaintiff entered into a contract with Defendant, by the terms of which the Plaintiff was to perform work and labor for Defendant for one year from the 29th day of April, 1862, for the sum of $350. That Plaintiff commenced work for Defendant under said contract May 8, 1862, and continued labor, in pursuance of the agreement, until June 30, following, when he

was discharged by Defendant, without cause, and against the will and consent of the Plaintiff.

That Plaintiff offered to perform his part of the contract, and during all the time subsequent to June 30 held himself in readiness and was willing to perform his part of the agreement, and requested performance on the part of the Defendant, which was refused, &c. Plaintiff admitted the receipt of $45.07 cents, and demanded judgment for $304.93, with interest and costs.

The answer denied the contract set up in the complaint, and alleged one of a different character, averring that the Defendant did not employ the Plaintiff for any specified length of time, but that either party was at liberty to terminate the contract at pleasure or upon ten days' notice. The answer also denied that the Plaintiff offered to perform his part of the contract, and denied that he held himself in readiness to perform all the time subsequent to his discharge, but, on the contrary, alleges that the Plaintiff, immediately upon his discharge, entered into the service of other persons for large monthly wages, and for some specified and agreed length of time, and denied that the Plaintiff had sustained any damage.

The cause was tried by a jury, and the following question was submitted to the jury by the parties:

"Was the contract between the parties to this action of the date and terms described in the complaint, or of the date and terms described in the answer?"

The court directed the jury to find specially upon said question. The jury, upon coming in, delivered the following verdict, to wit:

"The contract was of the date and terms described in the complaint, and we give a verdict for the Plaintiff of one dollar."

The Plaintiff moved that judgment be entered in his favor for the sum demanded in the complaint, notwithstanding the verdict, which motion was denied, and Plaintiff appealed.

There are authorities which hold that a motion of this kind can only be made by Plaintiff. A judgment *non obstante veredicto* is a judgment entered, by order of the court, for the Plaintiff in an action at law, notwithstanding a verdict in favor of the Defendant.

It is always upon the merits, and never granted but in a very clear case, as where it is apparent to the court from the Defendant's own plea that he can have no merits. (2 *Tidd's Pr.*, 922.) Thus, where the plea confesses and attempts to avoid the declaration by some matter which amounts to no sufficient avoidance of it in point of law, and the Plaintiff, instead of demurring, has taken issue upon the truth of the plea in fact, and that issue has been found in favor of the Defendant, yet the Plaintiff may move that without regard to the verdict, the judgment be given in his favor. *Bur. Law Dic.*, vol. 2, 754. To the same effect is *Gra. Pr.*, (2d ed.) 647, and *Bouv. Law Dic.*, 678.

Tested by this rule, the only question arising on this motion is, whether any proper evidence could have been given under the averments in the answer to sustain the verdict. The jury have found that the contract was as alleged in the complaint. Under the statements of the answer the verdict was also equivalent to finding that there was a breach of contract on the part of Defendant. But the answer also denies an offer and readiness to perform on the part of Plaintiff, and denies that the Plaintiff has sustained any damage from this breach. If either of these denials raises a good issue, the motion was properly denied, since it must be presumed that evidence was offered to sustain them.

I think both issues were material. The Plaintiff, to recover under a contract of this kind, must either show performance or an offer and readiness to perform. If, by his own act, he has incapacitated himself to perform the contract on his part, in whole or in part, it is difficult to see on what principle he should be permitted to claim that the other party should be held to performance on his part. If the Defendant proved that the Plaintiff had incapacitated himself from further labor under his contract, and neither offered nor was ready to perform on his part, he would only be entitled to nominal damages for the breach on the part of the Plaintiff. The general verdict for Plaintiff does not necessarily involve more (in addition to the special finding) than that there was a breach of contract on the part of Defendant.

In regard to damages, the answer, both in form and substance,

sets up a legal defence. The rule as to recovery of damages for breach of contract for work and labor is different, according as it is applied to the employer or employed. If a person engage to work for another for twelve months, to be paid at the expiration of the term, and he works eleven, and then voluntarily quits, without the consent of his employer, it is held that he can recover nothing for the time he has worked. If, however, he is discharged by his employer, without cause, at the expiration of a month or any time before the expiration of the term, it is held that he cannot (necessarily) recover the balance of monthly wages, but only such damages as he has actually sustained, that is, the difference between the agreed price and such sum as he has, or which it is shown he might have, received for work elsewhere. This seems to be placed on the ground that the employed " has no right to be idle—that it is a breach of moral obligation." However true this may be in fact, and however much interest society may have in the industry of each and all its members, I fail to see on what sound principle a man is to be punished for it in this manner, or why the employer should be relieved from the consequences of a willful breach of contract, because the employed has committed a breach of moral obligation.

Nevertheless, I think the principle to be too well settled to be now disturbed, and that this is one of those principles in which, perhaps, the rule of *stare decisis* is applicable, if in any it should govern. In *Shannon vs. Comstock*, 21 *Wend.*, 457, it was held that in an action to recover damages for the non-performance of a contract, other than for the conveyance of land, the rule of damages is the loss or injury sustained by the party ready and willing to perform, and not the price agreed to be paid on actual performance. To the same effect is *Hecksher vs. McCrea*, 24 *Wend.*, 304, and 2 *Denio*, 609, *Costigan vs. The Mohawk and Hudson R. R. Co.*, it was held, that where one contracts to employ another for a certain time, at a specified compensation, and discharges him, without cause, before the expiration of the time, he is in general bound to pay the full amount of wages for the whole time.

But in a suit for stipulated compensation, the Defendant may

show, in diminution of damages, that after the Plaintiff had been dismissed, he had engaged in other business.    3 *John.*, 518.

The same rule has been recognized by the courts of other States, and without citing authorities at length, it may suffice to say, that it has been too long and generally sanctioned by the judicial tribunals of the country to be now disturbed except upon more weighty reasons than have been presented for our consideration.

The judgment below is affirmed.