Lough v. Bragg et al.

---

### JAMES W. LOUGH

*vs.*

### JOHNSON BRAGG, *et al.*

This is an action upon a promissory note made by defendants. The answer alleges, in substance, that plaintiff contracted to convey to defendant Bragg in fee simple a certain lot of which he represented himself to be the owner, with a building to be erected thereon; that the note in suit was given for an unpaid balance of the agreed price of said lot and building, and that plaintiff was not the owner of said lot, and had no right, title or interest therein, by reason whereof defendant Bragg has acquired no title to said building or lot, and has received no consideration for his note. Defendant having obtained a verdict, plaintiff moved for judgment notwithstanding such verdict. *Held*, that the answer contained no valid defence to the action, and that as it confessed the execution of the note, and failed to avoid the same, the motion should have been granted, it appearing that the judgment moved for would be a judgment upon the *merits*, and not upon the *form of pleading*.

The plaintiff in this case appeals from an order of the district court for Scott county, denying his motion for judgment notwithstanding the verdict which had been rendered in the

action for the defendants.    The case is fully stated in the opinion of the court.

J. L. MACDONALD, for Appellant.

L. M. BROWN, for Respondents.

*By the Court.*—BERRY, J.—This action is brought upon a promissory note in form as follows : " On the 8th day of May, A. D. 1868, I promise to pay James W. Lough three hundred and sixty dollars and forty-seven cents, for value received, in real estate in town one hundred and fourteen, range twenty-three, section nineteen, Scott county, state of Minnesota, deed even date herewith.

Witness my hand December 17th, 1867.

J. BRAGG.

WILLIAM VARNER, Surety."

The defence set up in the answer, is that plaintiff and one Dickerson agreed to construct for defendant Bragg, a house upon a lot owned by plaintiff, to be selected by Bragg, and upon the completion thereof, to convey the lot so selected and built upon to Bragg in fee simple, for the agreed price for land and building of $1,220 ; that Bragg selected the lot, plaintiff representing that he owned the same in fee simple, which representation was relied upon and believed by Bragg ; that plaintiff and Dickerson, or one of them, erected the building contracted for upon the lot selected ; that from time to time prior to Dec. 17th, 1867, Bragg paid to plaintiff and Dickerson upon the contract $860 ; that on Dec. 17th, 1867, defendants made and delivered to plaintiff the note in suit " for the balance due on said house and lot, and not otherwise ;" that after the execution of the note, and not before, defendant Bragg discovered that plaintiff was not the owner of the lot upon which said building was erected, and that plaintiff had no right, title or interest therein, or thereto, by reason whereof

Lough v. Bragg et al.

defendant Bragg has acquired no title to said building and lot nor has he received any consideration for said sum of $860, nor for said note.

The case went to trial upon the complaint and answer. Defendant had a verdict. Plaintiff moved to set the same aside, and for judgment notwithstanding the verdict, a practice which seems to be recognized as legitimate in a proper case by section 222, ch. 66, Gen. St. "Where a plea confesses the action, and does not sufficiently avoid it, judgment shall be given upon the confession, without regard to a verdict for the defendant, which is called a judgment *non obstante veredicto.* 1 *Ch. Pleading,* 656 ; 2 *Tidd's Pr.* 920 ; *Williams vs. Anderson,* 9 *Minn.* 52 ; *Bellows vs. Shannon,* 2 *Hill,* 88. The judgment in such case is, however, always upon the *merits,* not upon the *form* of pleading. See authorities *supra.* Now in the case at bar, the answer confesses the execution of the note in suit, but it fails to avoid the plaintiff's alleged cause of action thereon.

The answer does not allege the execution by plaintiff of any deed purporting to convey the lot selected as aforesaid to the defendant.

The defence does not then rest upon any failure of title to land attempted to be conveyed, nor upon any breach of a contract of seizin, as in *Lowry vs. Hurd,* 7 *Minn.* 357, cited by defendants' counsel as his sole reliance in this case, in which he makes no argument.

But the defence is, in substance, that the plaintiff contracted to convey to defendant Bragg in fee simple a certain lot of which he represented himself to be the owner, with the building to be erected thereon; that the note in suit was given for the unpaid balance of the agreed price of said lot and building, and that the plaintiff was not the owner of said lot, and had no right, title or interest therein, by reason whereof defendant

Bragg has acquired no title to said building and lot, nor has he received any consideration for said note.

In strictness the answer contains no direct allegation of the plaintiff's want of title or interest in the lot, but only of the *non-discovery* of the same by the defendants until after the execution of the note, but we give the defendants the benefit of the construction which seems to have been put upon the answer by both parties. It is hardly necessary to say that without this construction (strained though it be) the answer is palpably insufficient; but even with this construction, we think that it fails to set up any defence to the note.

No fraud on the part of the plaintiff is alleged in the answer, either in making the representation aforesaid, or otherwise. So far as is disclosed in the answer, the real consideration of the note is the obligation of the plaintiff to convey the lot in fee simple; so that this is not a case of *want* of consideration. It is not important whether plaintiff is or ever was the owner of the lot, but if upon proper demand he conveys, or procures to be conveyed to Bragg the fee simple of the same, he will have substantially performed his contract. But until demand of conveyance, and the neglect or refusal to execute the same, the plaintiff is not, so far as the answer shows, in default, and there cannot be said to be any *failure* of the consideration of the note.

No demand of conveyance is pleaded in the answer, while if we look at the evidence, Bragg himself testifies that no demand has been made. Nor, for reasons too obvious to justify mention, is there any ground upon which the answer can be sustained as setting up a counter-claim either by way of set-off or recoupment. So far then as we can discover, there is no valid defence whatever set up in the answer, and under the rule before cited, we think the motion for judgment, notwithstanding the verdict, should have been granted. Nor,

upon looking into the testimony in the case do we see any rea-
son why, even if the facts proven had been properly pleaded
in the answer, or if the answer had been so amended as to con-
form to the facts proven, a judgment, notwithstanding the ver-
dict, would not have been a judgment upon the merits of the
case.

We will not stop to consider the manifest discrepancies be-
tween the answer and the evidence introduced by defendants,
and the effect of these discrepancies upon the admissibility of
a large part of the testimony.

It appeared upon the trial that at the time of the execution
of the note, plaintiff conveyed certain land to Bragg by the
deed referred to in the note, the same being a warranty deed.

The evidence tended to show that the deed conveyed a
perfect title in fee simple to the land therein described, and
there was no evidence whatever to the contrary. From the
terms of the note, as well as from the testimony, it distinctly
appeared that the conveyance thus made by plaintiff was *in
fact* the consideration of the note. There is to be sure, evi-
dence in the case going to show that Bragg supposed that the
deed referred to conveyed the lot selected by him, and upon
which the building had been erected, instead of the tract of
land in fact conveyed thereby. Upon this state of facts de-
fendants would occupy this position. They have given the
note in suit for a deed which conveys to Bragg a piece of
land, but not the piece which he intended to purchase, or
which he supposed was conveyed to him. But it is neverthe-
less true that the deed has conveyed to him a good title to the
land purporting to be conveyed. Admitting then that he ac-
cepted the deed under a mistake as to what land was conveyed
thereby, upon what ground can payment of the note be re-
sisted ? Bragg has received a valuable consideration for the
note, and that consideration he retains, not having taken any

steps upon his part to rectify the alleged mistake by reconveying, or offering to reconvey the land conveyed.

If he desires to rescind the contract so as to avoid his own liability under the same, he must place the plaintiff *in statu quo*, or at least offer to do so. But if he does not see fit to restore to the plaintiff what he received from him for the note, then he must be regarded as acquiescing in the conveyance as it is notwithstanding the mistake, and he must pay the note.

Whether then we consider the answer as it reads, or as it would read if conformed to the facts appearing in evidence, we fail to discover any defence to the note in suit.

The order denying judgment notwithstanding the verdict is reversed, and the court below is directed to render judgment for plaintiff for the amount of his note.