JOHN WILLOUGHBY *vs.* JOSEPH IRISH and another.

March 9, 1886.

**Statute of Limitations—Part-Payment of Joint and Several Note.**—A partial payment upon a promissory note by one of the joint and several makers thereof, and indorsed upon it before the note is barred by the statute of limitations, and within six years before suit brought, is inoperative to prevent the running of the statute as to the others.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial after a trial by the court. The action was brought April 6, 1884, upon a note in the following words, viz.: "Newport, April 29th, 1867. For value received, we or either of us promise to pay to John Willoughby, or order, $400, six months after date, with use at twelve per cent. per annum. E. M. Shelton, Joseph Irish." The defendant Irish, who alone answered, pleaded the statute of limitations as a bar to the action. The court found, as facts, that defendant Irish never paid anything on account of the note, that defendant Shelton made payments on account of it on April 24, 1873, on August 1, 1878, and at

various other times between these two dates, but that none of these payments were made by the direction or with the knowledge or consent of defendant Irish. Upon these facts judgment was directed in favor of defendant Irish.

*Ingersoll & Ovitt* and *Henry Burleigh Wenzell,* for appellant.

The defendant Irish is liable under the rule laid down in *Whitaker* v. *Rice,* 9 Minn. 1, (13.) If any change has been made in the statute by the revision of 1866, it has been to restore the common-law rule, which is in favor of plaintiff. *Whitcomb* v. *Whiting,* 2 Doug. 652; *Perham* v. *Raynal,* 2 Bing. 306; *Burleigh* v. *Stott,* 8 B. & C. 36; *Manderston* v. *Robertson,* 4 Man. & Ryl. 440; *Pease* v. *Hirst,* 10 B. & C. 122; *Chippendale* v. *Thurston,* 4 C. & P. 98; *Channell* v. *Ditchburn,* 5 M. & W. 494; *Wyatt* v. *Hodson,* 8 Bing. 309; *Rew* v. *Pettet,* 1 A. & E. 196; *Pritchard* v. *Draper,* 1 R. & M. 191; *Bissell* v. *Adams,* 35 Conn. 299; *Cox* v. *Bailey,* 9 Ga. 467, (54 Am. Dec. 358;) *Lincoln Academy* v. *Newhall,* 38 Me. 179; *Schindel* v. *Gates,* 46 Md. 604; *Sigourney* v. *Drury,* 14 Pick. 387; *County of Vernon* v. *Stewart,* 64 Mo. 408; *Merritt* v. *Day,* 38 N. J. Law, 32; *Green* v. *Greensboro College,* 83 N. C. 449; *Joslyn* v. *Smith,* 13 Vt. 353; *Mix* v. *Shattuck,* 50 Vt. 421; *National Bank of Delavan* v. *Cotton,* 53 Wis. 31; *Smith* v. *Ludlow,* 6 John. 267; *Roosevelt* v. *Mark,* 6 John. Ch. 266; *Patterson* v. *Choate,* 7 Wend. 441.

*Uri L. Lamprey,* for respondent.

VANDERBURGH, J. Willoughby held the joint note of Shelton and Irish, Shelton being the principal debtor. The latter, before the statute of limitations had run, made partial payments upon the note, acting severally for himself. Plaintiff has brought this action against both joint makers, claiming that the separate payments of Shelton arrested the operation of the statute alike as to both. The defendant Irish has answered, setting up the statute as a bar to plaintiff's claim. The question is therefore fairly presented for the first time for determination in this court, under the present statute, whether a partial payment by one of several joint debtors before a note is barred by the statute, and within six years before suit brought, takes the case out of the operation of the statute as to all the joint debtors, or only as to the one who makes such payment.

Under the provisions of the statute then existing (Pub. St. 1858, *c.* 60, § 24) in relation to partial payments, this court held in *Whitaker* v. *Rice,* (1864,) 9 Minn. 1, (13,) that the effect of such payment made after the debt became due, and before the statute had run, "prevents any interruption of the obligation originally assumed;" and hence, the operation of the limitation act being suspended by the payment, the debt was kept alive, and remained in full force as respects all the debtors or obligors originally liable. This construction arose from the peculiar frame of the statute, and was based upon the old doctrine of presumptions. That is to say, the presumption of payment arising from lapse of time is rebutted by the acknowledgment or part-payment of the debt, and the effect thereof is to continue the original debt as a subsisting obligation. The later construction and present policy of the law is otherwise. Statutes of limitation are considered statutes of repose, intended to afford security against stale demands. The original debt is no longer demandable, and the remedy for the enforcement of the obligation thereof is gone, after the statute has run; hence something more than a mere admission or confession of its existence is necessary to renew it. And this distinction is, as we shall see, a very important factor in the determination of the question presented in this case.

In the revision of 1866, the section above referred to was repealed, and the preceding section (23) amended so as to make it an exact transcript of the section of the New York Code upon the subject. The statute as amended, and as it has since remained, is as follows, (Gen. St. 1878, *c.* 66, § 24,) "No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

Section 23 (Pub. St. 1858) was, *pro tanto,* a transcript of the New York statute, and the provision in relation to the effect of payments, (section 24,) as it stood originally, was incorporated in a separate section in the form we find it, the arrangement seemingly being an intentional departure from the New York statute as respects the subject of that section. *Whitaker* v. *Rice, supra.* The change

v.35m—5

made by the amendment of 1866, in view of the decision in *Whitaker* v. *Rice*, and the construction which had previously been given to the New York statute in that state, then well established, are very strong evidence of an intention on the part of the legislature to adopt the law of that state upon this subject as there construed.

Under the statute there must be a promise or acknowledgment or a part-payment, and the acknowledgment relied on must be sufficient to imply a promise,—*Whitcomb* v. *Whiting*, 2 Doug. 652; S. C. 1 Smith, Lead Cas. (8th Ed.) 982, 988; *Denny* v. *Marrett*, 29 Minn. 361, (13 N. W. Rep. 148;) *Moore* v. *Bank of Columbia*, 6 Pet. 86;— and in respect to part-payments the same rule applies. It must appear that the debtor intended to recognize the obligation of an entire debt of which he has paid a part so as to imply a promise. *Brisbin* v. *Farmer*, 16 Minn. 187, (215;) *Young* v. *Perkins*, 29 Minn. 173, (12 N. W. Rep. 515;) *Chadwick* v. *Cornish*, 26 Minn. 28, (1 N. W. Rep. 55.) "It is only reliable as evidence of a promise, or from which a promise may be implied." *Shoemaker* v. *Benedict*, 11 N. Y. 176, 185, (62 Am. Dec. 95.) It is the new promise or contract, upheld by the original consideration, which must be relied on to support an action otherwise barred by lapse of time, though the declaration in form pursues the old contract or cause of action as the ground of recovery. *Winchell* v. *Hicks*, 18 N. Y. 558.

Judge Story, in his masterly discussion of the subject in *Bell* v. *Morrison*, 1 Pet. 351, 371, says: "The revival of a debt supposes that it has been once extinct and gone; that there has been a period in which it has lost its legal use and validity. The act which revives it is what essentially constitutes its new being, and is inseparable from it. It stands, not by its original force, but by the new promise, which imparts vitality to it. Proof of the latter is indispensable to raise the *assumpsit* on which an action can be maintained. It was this view of the matter which first created the doubt whether it was not necessary that a new consideration should be proved to support the promise, since the old consideration was gone. That doubt has been overcome, and it is now held that the original consideration is sufficient, if recognized, to uphold the new promise, although the statute cuts it off as a support to the old. What, indeed, would seem

to be decisive on this subject is that the new promise, if qualified or conditional, restrains the rights of the party to its own terms; and if he cannot recover by those terms he cannot recover at all."

Recurring to the pivotal point in this case, if there must, then, be a new promise, express or implied, to sustain an action, can one of several joint debtors, from the mere fact of the existence of the joint liability, and having no authority in respect to each other except such as results from that relationship, by his own several act or agreement create or renew a liability as against all such debtors for a debt otherwise barred by limitation? Logically, and upon principle, there can be but one answer to this question. No such authority or agency exists, or can be implied, from the joint contract as will authorize one to act for and bind the others so as to renew or extend their liability. Where the relation is merely that of joint debtors, neither is the agent of the other to make a new contract with the creditor, or to bind the others by a new promise changing or affecting their legal rights, or giving such creditor a right of action against them which he would not otherwise have. And nothing can be added to the exhaustive and satisfactory discussion of the subject in *Bell* v. *Morrison, supra,* and *Van Keuren* v. *Parmelee,* 2 N. Y. 523, (51 Am. Dec. 322, and notes;) *Shoemaker* v. *Benedict,* 11 N. Y. 176, (62 Am. Dec. 95.)

But in *Whitcomb* v. *Whiting,* 2 Doug. 652, decided by Lord Mansfield in 1781, it was held, apparently without discussion or consideration, that "payment by one is payment for all, the one acting virtually as agent for the rest; and in the same manner an admission by one is an admission by all, and the law raises the promise to pay when the debt is admitted to be due." And Willes, J., adds: "The defendant has had the advantage of the partial payment, and therefore must be bound by it." This case is declared by the court, in *Coleman* v. *Fobes,* 22 Pa. St. 156, in which the doctrine was repudiated, "to be at the bottom of all the confusion that exists in the decisions in England and in this country on the subject of this statute in its relation to joint debtors." And in the notes to *Whitcomb* v. *Whiting,* in 1 Smith, Lead. Cas. (8th Ed.) 1018, it is subjected to the following just criticism: "The cases cited above establish that when the orig-

inal cause of action is barred by the statute, the plaintiff must show a new promise within six years, consistent with that set forth in the declaration, and between the same parties; and yet in *Whitcomb* v. *Whiting* a payment by one man was held to revive the liability of another, although not authorized or ratified by him. But, in truth, this decision was based on a conception which, though inconsistent with the letter and spirit of the statute, prevailed for more than a century in the courts of justice, that if the presumption of payment arising from the lapse of time was rebutted by the acknowledgment or confession of the defendant, the end which the legislature had in view was sufficiently attained, and the plaintiff might recover without proving a cause of action within six years. It followed, as a necessary consequence, that if the debt was confessed to exist by any one competent to make such an admission, the acknowledgment would be equally good whether his authority did or did not extend to making a new contract." The case was, however, generally recognized as authority in England until the rule was changed by statute, though it is said by Chancellor Kent, in 3 Comm. *50: "Of late, however, the decision in *Whitcomb* v. *Whiting* has been very much questioned in England, and it seems now to be considered as an unsound authority by the court which originally pronounced it."

In this country, in some of the states, the rule has been changed by legislation; in others the doctrine is adhered to on the principle of *stare decisis;* while in a number of others the question has been re-examined, and the authority of that case repudiated; and it is safe to say that the general tendency and current of the decisions are against it. In Story on Partn. § 324, the learned author sanctions this statement as to the state of the decisions, and adds: "In truth, the whole controversy must ultimately turn upon the single point whether the acknowledgment is a *mere continuation of the original promise*, or whether *it is a new contract or promise* springing out of and supported by the original consideration." Ang. Lim. § 260, note 5; Wood, Lim. 611 *et seq.;* 3 Pars. Cont. *80; *Beitz* v. *Fuller*, 1 Mc-Cord, 541, (10 Am. Dec. 693, note;) 1 Smith, Lead. Cas. (8th Ed.) 1020–1022; *Winchell* v. *Hicks*, 18 N. Y. 558; *Wallis* v. *Randall*, 81 N. Y. 164; *Littlefield* v. *Littlefield*, 91 N. Y. 203; *Levy* v. *Cadet*,

17 Serg. & R. 126, (17 Am. Dec. 650;) *Bush* v. *Stowell*, 71 Pa. St. 208; *Kallenbach* v. *Dickinson*, 100 Ill. 427, and cases; *Campbell* v. *Brown*, 86 N. C. 376; *Miller* v. *Miller*, MacArthur & Mack, 109, (48 Am. Rep. 738.)

Some of the cases make a distinction between the effect of a partial payment and an acknowledgment or express promise, for the reason stated in *Whitcomb* v. *Whiting*, that the co-debtor has had the advantage of the partial payment, and hence should be bound by it; but there would still be the same absence of authority to speak or act for a co-debtor as in the case of an express promise, and the doctrine is equally opposed to the policy of limitation acts considered as statutes of repose. A partial payment inures to the advantage of all, not by reason of any agency for the whole, but by operation of law; and if the payment is rightfully made, he who pays may recover of the others in contribution, if they ought to be charged. *Bell* v. *Morrison*, 1 Pet. 351, 368; *Coleman* v. *Fobes*, 22 Pa. St. 156, (60 Am. Dec. 75.) In *Campbell* v. *Brown*, 86 N. C. 376, 382, the supreme court of North Carolina, though obliged to recognize this distinction from the binding force of previous decisions in that state, admit it to be unfounded, and declare that "if resort were had in the matter to principle as distinguished from precedent, it is impossible to understand how, in any case, the unauthorized acts and declarations of one party, though he be jointly bound, can be admitted to enlarge the promises or extend the obligations of another." In *Bell* v. *Morrison* the debt had already been barred when the new promise was alleged to have been made, and a further distinction is suggested between cases of that class and those where payments or new promises have been made before the statute has run; and upon this distinction Judge Denio grounds his dissent in *Shoemaker* v. *Benedict, supra*. But it is founded upon no principle. If the agency exists in one case, it must in the other; and the same authority is required to bind one joint debtor, by the promise or partial payment of his co-debtor, before as after the six years have elapsed. There must be a new promise, express or implied, to keep a debt alive as well as to revive it. 1 Smith, Lead. Cas. (8th Ed.) 1022; *Dean* v. *Hewit*, 5 Wend, 257; *Tompkins* v. *Brown*, 1 Denio, 247.

We hold, therefore, generally, that one of several joint debtors, holding that relation simply, cannot, by his act or promise, bind his co-debtors without their assent, so as to prevent the running of the statute as to them, either before or after the statute has run upon the original cause of action.

Order affirmed.