## JACOB PFENNINGER v. JOSEPH KOKESCH.[1]

### April 26, 1897.

### Nos. 10,493—(95).

**Statute of Limitations—Partial Payment.**

> In order to prevent the running of the statute of limitations, a partial payment must have been made by the debtor himself, or for him by his authority, or subsequently ratified, if made in his name without his authority.

**Same—Part Payment by One of Two Debtors—Verbal Promise to Pay Balance.**

> Where one of two joint and several debtors makes a payment in his own behalf, the mere fact that the other debtor, after knowledge of such payments, verbally promises to pay the balance, will not constitute a ratification of the payments as having been made for him or in his behalf.

Appeal by plaintiff from an order of the district court for Sibley county, Cadwell, J., refusing a new trial after a verdict for defendant. Affirmed.

*W. H. Leeman* and *Jos. A. Eckstein*, for appellant.
*Albert L. Young*, for respondent.

MITCHELL, J. This action was brought on the joint and several promissory note of the defendant and his father, the former being surety for the latter. The cause of action against defendant was barred by the statute of limitations, unless the running of the statute had been interrupted by certain partial payments. All of these payments were made by the father. It is the law of this state that a partial payment by one of several joint and several debtors is inoperative to prevent the running of the statute as to the others. Willoughby v. Irish, 35 Minn. 63, 27 N. W. 379. In order to prevent the running of the statute, a payment must have been made by the debtor in person, or for him by his authority, or for him and in his name without authority and subsequently ratified by him. The mere fact that he has knowledge of payments being made by his co-debtor is not sufficient. McMullen v. Rafferty, 89 N. Y. 456; Littlefield v. Littlefield, 91 N. Y. 203.

[1] Reported in 70 N. W. 867.

We have examined the record in vain for any evidence, introduced or offered, that these payments were made by the procurement of the defendant, or for him, or in his name, or that he ever ratified them as payments made for him or in his behalf.    So far as appears, they were all made by the father on his own motion, and in his own behalf.    The mere fact that after defendant knew that his father had made these payments he verbally promised to pay the balance would not amount to a ratification of the payments as having been made for him or in his behalf.    Construed most favorably for the plaintiff, this was all that he offered to prove.    Of course no verbal acknowledgment or promise is sufficient to take a case out of the operation of the statute.    G. S. 1894, § 5154.

Order affirmed.