GEORGE H. ATWOOD v. NATHAN D. LAMMERS and Another.[1]

January 26, 1906.

Nos. 14,603—(172).

**Statute of Limitations—Partial Payment.**
>A partial payment upon a promissory note by one of two joint makers will not prevent the running of the statute of limitations as to the other maker.

[1] Reported in 106 N. W. 310.

**Same—Sale of Collateral Securities.**

> The indorsement upon a promissory note of the proceeds of the sale of collateral securities which were deposited with the note at the time it was given does not constitute a part payment which will interrupt the running of the statute of limitations.

Action in the district court for Washington county to recover from defendants Nathan D. Lammers and Emil Kreuger $686.51 and interest upon a promissory note. Defendant Lammers alone appeared and answered, pleading the statute of limitations in bar. The case was tried before Williston, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. V. Comfort,* for appellant.

*H. H. Gillen,* for respondent.

ELLIOTT, J.

This is an appeal by the plaintiff from an order denying a motion for a new trial. On November 21, 1893, Emil Kreuger and Nathan D. Lammers executed a promissory note by the terms of which they jointly promised one year after date thereof to pay to the order of the Schulenberg & Boeckler Lumber Company the sum of $850.48, with interest thereon until paid at the rate of seven per cent. per annum. At the same time, and as a part of the same transaction, Kreuger and Lammers executed and delivered to the lumber company a writing by the terms of which certain notes and shares of stock were assigned as collateral security for the payment of the note. This instrument authorized the lumber company or its assigns, under certain conditions, to realize upon the securities thus assigned and to apply the proceeds thereof toward the payment of the note. By various assignments the plaintiff became the owner of the note. The note became due November 21, 1894. On December 20, 1893, Kreuger paid $40, which was duly credited on the note. The collaterals were finally converted into money, and the proceeds, amounting to $350.25, were indorsed on the note August 17, 1896. The statute of limitations ran against the note on November 21, 1900. Thereafter on August 11, 1902, Kreuger paid five dollars, which was indorsed on the note in the following language:

Paid on within, Aug. 11th, 1902, by Emil Kreuger, for the pur-
pose of renewing this note, $5.00, at the request of N. D. Lam-
mers.

No oral evidence was offered at the trial, and there was nothing to
show that Lammers ever authorized, consented to, or even knew of the
payment of the five dollars, or ever ratified the same. Kreuger did not
defend, and the court ordered judgment against him. After the order
was filed in favor of Lammers, the plaintiff made an application for
leave to open the case and offer evidence to show that the payment of
August 11, 1902, was made with the knowledge and consent of Lam-
mers. The application was denied, and this is assigned as error. But
the assignment is not urged or argued in the brief, and therefore, un-
der the settled rule of practice, will not be considered. Price v. Wash-
ington Life Ins. Co., 92 Minn. 251, 99 N. W. 810; Hahn v. Bettingen,
81 Minn. 91, 83 N. W. 467, 50 L. R. A. 669, and cases there cited.

We have to consider, then, the single question, whether the statute of
limitations had run in favor of Lammers. The order of the trial court
was correct. Every principle involved has been established by prior
decisions of this court. The payment of the $40 before the maturity of
the note merely reduced the indebtedness by that amount. The ap-
plication of the proceeds of the sale of the collaterals did not constitute
a part payment, which would interrupt the running of the statute of
limitations. Wolford v. Cook, 71 Minn. 77, 73 N. W. 706, 70 Am. St.
Rep. 315; Harper v. Fairley, 53 N. Y. 442; Smith v. Ryan, 66 N. Y.
352, 23 Am. Rep. 60; Brown v. Latham, 58 N. H. 30, 24 Am. Rep.
568; Wood, Lim. Act. 101, 102.

When the five dollar payment was made the note was already out-
lawed and could be revived only as provided by section 5154, G. S.
1894. Pfennenger v. Kokesch, 68 Minn. 81, 70 N. W. 867; Clarkin
v. Brown, 80 Minn. 361, 83 N. W. 351; McManaman v. Hinchley,
82 Minn. 296, 84 N. W. 1018; Dorsey v. Gunkle, 18 S. D. 454, 101 N.
W. 36; 4 Current Law, 462. The indorsement of August 11, 1902, was
doubtless sufficient to revive the obligation as to Kreuger, but there is
nothing to show that Kreuger had any authority to bind Lammers.
In order to prevent the running of the statute of limitations, a partial
payment must be made by the debtor himself, or for him by his au-

thority, or subsequently ratified, if made in his name without his authority. Pfennenger v. Kokesch, supra; Schofield v. Twining (C. C.) 127 Fed. 486. The indorsement, by virtue of section 5752, G. S. 1894, was itself prima facie evidence that the money was paid, but not of the correctness of the recital that it was paid at the request of Lammers. A partial payment on a promissory note made by one of two joint makers will not prevent the running of the statute of limitations as to the other. Willoughby v. Irish, 35 Minn. 63, 27 N. W. 379, 59 Am. Rep. 297; Pfennenger v. Kokesch, supra; Harper v. Fairley, supra.

It follows that when the action was commenced the statute of limitations had run as to Lammers, and the order of the trial court was correct.

Order affirmed.