# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

JOHN WOODCOCK v. WILLIAM H. PUTNAM.[1]

April 12, 1907.

Nos. 15,097—(101).[2]

**Limitation of Action—Payment.**

 In order to prevent the running of the statute of limitations, a payment upon the debt must be made voluntarily by the debtor in person, or for him by one having authority, or for him and in his name by one without authority, and the act be subsequently ratified by the debtor.

Action against the defendant, as administrator of the estate of Peter Y. Moser, deceased, in the district court for Goodhue county to recover $289.51 on a promissory note. The case was tried before Williston, J., who granted a motion to dismiss the case at the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appeals. Affirmed.

*J. C. McClure,* for appellant.

*Johnson, Mohn & Mohn,* for respondent.

ELLIOTT, J.

 On August 14, 1894, Peter Y. Moser and John Woodcock executed a certain promissory note whereby, sixteen months after date, they and each of them promised to pay to Xavier Glonning, or order, the

---

[1]Reported in 111 N. W. 639.     [2]April, 1907, term.

101 M.—1

sum of $295.91, with interest thereon at seven per cent. per annum until paid. The note became due December 14, 1895. Moser failed to pay the note, and it was paid in full by Woodcock, who had signed it for the accommodation of Moser. On May 2, 1901, Woodcock received from one Kells, a person who lived upon Moser's farm, a certain quantity of oats, and then indorsed upon the note in his own handwriting, the following words: "Paid, 20 bushels of oats, 32 cents, $6.40, May 2, 1901." Moser died August 26, 1904, and Woodcock filed his claim with the administrator. It was disallowed, and on October 13, 1904, this action was commenced against the administrator to recover the balance alleged to be due upon the note. On appeal to the district court the action was dismissed, because the claim was barred by the statute of limitations. This appeal is from an order denying a motion "to vacate and set aside the order dismissing said action and for a new trial of said action."

The appellant's case rests upon his claim that the evidence shows that on May 2, 1901, Moser paid the amount of $6.40, which was then indorsed upon the note. But there is no evidence whatever to show that Moser made this payment. In his memorandum the trial court says: "Upon the trial of this action no evidence was received or offered tending to show that Peter Moser personally and voluntarily made the payment indorsed upon said note; no evidence received or offered tending to show that such payment was made for him or by his authority; no evidence received or offered tending to show that such payment was made for him and in his name without authority from him, but subsequently ratified by him." An examination of the record shows that these statements are correct. The indorsement was made by the holder of the note at a time when it was to his interest to make the same. The property which represented the $6.40 was not delivered to Woodcock by Moser, and there is no evidence tending to show that he authorized its delivery by Kells, that Kells assumed to act as the representative of Moser, or that Moser ever knew that the indorsement had been made.

In order to prevent the running of the statute of limitations, a payment must be made by the debtor in person, or for him by his authority, or for him and in his name without authority, and subsequently ratified by him. Willoughby v. Irish, 35 Minn. 63, 27 N. W. 379, 59

Am. 297; Pfenninger v. Kokesch, 68 Minn. 81, 70 N. W. 867; Atwood v. Lammers, 97 Minn. 214, 106 N. W. 310.

The order from which the appeal is taken is affirmed.