MARY KRANZ v. WILLIAM F. KRANZ AND OTHERS.[1]

March 3, 1933.

No. 29,302.

*Peter Ahles,* for appellant.

*J. B. Himsl,* for respondent.

HILTON, JUSTICE.

Action commenced on April 4, 1932, to recover on a promissory note. Answering defendant Arthur Kranz had a verdict. Plaintiff appeals from an order denying her motion for a new trial.

On March 10, 1922, defendants, William F. Kranz, Ida Kranz, his wife, and Arthur Kranz, hereinafter referred to as defendant, executed and delivered a promissory note, bearing interest at six per cent per annum, in favor of plaintiff for $1,800, due three years after date. No part of the principal has ever been paid. Interest payments were made until March 10, 1931; all such payments were made by William Kranz. Neither he nor Ida Kranz interposed an answer. Judgment was rendered against them by default. Arthur

[1]Reported in 247 N. W. 243.

Kranz answered, asserting as one defense that the statute of limitations had run against the note as to him—that he had not paid any part of the note or interest thereon within a period of six years after the note became due. The jury, in addition to returning a verdict for defendant, answered the following question:

"Is the note outlawed as to Arthur Kranz? Answer. Yes."

Defendant testified that he never paid any money whatever on the note or made any effort to have William do so; that no demand had ever been made on him for payment; that plaintiff never said anything to him relative to payment; that he supposed the note had been paid; that the first he knew to the contrary was when this suit was brought. Plaintiff admitted that all payments received by her were made by William Kranz; that she never asked defendant for payments; but that several times after the note became due she told defendant that William Kranz was not paying the interest and that shortly afterward William did make a payment. Defendant expressly denied any such conversation with plaintiff. Whatever dispute there was in the facts in that minor regard was for the jury. It believed the defendant's testimony.

Six years having elapsed since the due date of the note and no payments having been made thereon by defendant and none having been made directly or indirectly by his procurement, the statute of limitations had run in his favor. Willoughby v. Irish, 35 Minn. 63, 27 N. W. 379, 59 A. S. R. 297; Pfenninger v. Kokesch, 68 Minn. 81, 70 N. W. 867; Atwood v. Lammers, 97 Minn. 214, 106 N. W. 310.

What has already been said disposes of the case. But we add that it was error to submit to the jury as an issue of fact the question whether defendant Arthur Kranz was a mere surety rather than a maker of the note, primarily liable as such. That question should have been decided for plaintiff as matter of law under the rule of Vernon Center State Bank v. Mangelsen, 166 Minn. 472, 208 N. W. 186, annotated 48 A. L. R. 710, 715. In view of the special verdict on the other and controlling question, the error was without prejudice. The correct rule is noted and emphasized as a precaution against repetition of the error.

We have considered the assignments of error relative to the charge of the court and find no reversible error therein.

Affirmed.

OLSEN, JUSTICE, took no part.