GEORGE BERNLOEHR v. SEVER M. FREDRICKSON.[1]

December 24, 1942.

No. 33,317.

[1]Reported in 7 N. W. (2d) 328.

*Erickson & Graff,* for appellant.
*Albert Pfaender,* for respondent.

PETERSON, JUSTICE.

Plaintiff began this action on April 17, 1941, to recover the balance due on a promissory note. The defense is the six-year statute of limitations.

On September 28, 1927, defendant as an accommodation maker with his brother, Wessel, signed a promissory note for $1,200 with interest at five per cent per annum payable to plaintiff at the State Bank of La Salle on or before five years after date.

Interest was paid annually by Wessel. The fact of each payment was endorsed on the note. Wessel died on July 23, 1939. From assets of his estate, $647.92 was paid on the note, leaving a balance of $646.25, which this action was brought to recover.

To avoid the bar of the statute of limitations, the complaint alleged that the interest payments were made by Wessel with defendant's knowledge, consent, and approval.

Plaintiff's evidence, which is denied by defendant, shows that in April 1936, before the statute had run, he met defendant on the road and requested payment, giving as a reason that he wanted to loan the money to his tenant, who needed it; that defendant stated that times were hard and that plaintiff was receiving good interest; that defendant requested plaintiff to let the note run awhile and said that he would see that Wessel paid the interest; and that thereupon plaintiff agreed to "let it run awhile again." Wessel paid the interest thereafter falling due in September, 1936, 1937, and 1938. There was no direct testimony that defendant ever communicated with Wessel about the payments or that Wessel made the payments as the result of any such communication.

There was evidence of a prior conversation about October 1, 1932, to somewhat the same effect. At that time the principal and two years' interest were unpaid. Plaintiff met defendant in La Salle and demanded payment. Defendant complained that times were hard and requested plaintiff to let the note run. He promised to see that the unpaid interest was paid. On October 10, 1932, about ten days after the alleged conversation, Wessel paid the interest.

The court below submitted to the jury the issue whether defendant "procured" or "caused" Wessel to pay one or more of the interest payments after April 17, 1935 (six years prior to commencement of suit) and before September 28, 1938 (six years after the due date of the note). By the verdict in favor of plaintiff the jury found in the affirmative. Defendant appeals. On the appeal the sole question is whether the evidence sustains the finding.

An action on a promissory note is barred by Minn. St. 1941, § 541.05, subd. 1 (Mason St. 1927, § 9191, subd. 1), unless commenced within six years from maturity, Fletcher v. Spaulding, 9 Minn. 54 (64), except where the running of the statute has been tolled by act of the parties, such as a part payment, Erickson v. Husemoller, 191 Minn. 177, 253 N. W. 361. Part payment before the statute of limitations has run tolls the running of the statute upon the theory that it amounts to a voluntary acknowledgment of the existence of the debt from which a promise to pay the balance is implied. A part payment, to be the basis for such a promise, must be made by the debtor himself, or by his authority, or, if not made by him personally or by his authority, it must be ratified by him. Consequently, a part payment upon a promissory note by one of two joint makers before the statute of limitations has run will not prevent the running of the statute of limitations as to the other maker, except where the part payment is made pursuant to the latter's authority, or where, if he did not authorize such payment, he subsequently ratified it. Greve v. State Bank, 211 Minn. 175, 300 N. W. 594; Erickson v. Husemoller, 191

Minn. 177, 253 N. W. 361, *supra;* Atwood v. Lammers, 97 Minn. 214, 106 N. W. 310.

The evidence supports a finding that defendant authorized one or more of the payments by Wessel subsequent to April 17, 1935. The theory on the trial was that defendant was not liable unless he procured or caused the payments to be made. The fact that there was no direct evidence of an express communication from defendant to Wessel to make the payments and none that Wessel ever asserted that he made such payments pursuant to any request from defendant does not preclude a finding that defendant procured and caused Wessel to make them. Where the evidence shows that, before the statute of limitations has run, defendant, one of two comakers of a promissory note, assured the payee that he would receive his interest from the other comaker, and shortly thereafter the interest was paid as promised by such comaker, it permits an inference that the payment was made at defendant's direction and by his procurement so as to interrupt the running of the statute of limitations as to him. Gillitzer v. Ducharme, 203 Wis. 269, 234 N. W. 503. That inference is strengthened somewhat in the instant case by the fact that in 1932, when the note became due and there was two years' interest unpaid and the same arrangement was made between the parties, Wessel made the promised payment within approximately ten days after defendant's promise that he would see that the unpaid interest was paid. Evidence that defendant intended to cause Wessel to pay, coupled with the fact that Wessel did pay, absent other showing, permits the inference that defendant not only authorized, but directed and procured him to make the payments.

We do not want to be understood as intimating that, quite aside from whether defendant caused or procured Wessel to make the payments in question, the evidence does not show that he consented to such payments so as to suspend the running of the statute of limitations as to him. The authorities seem to hold that part payment by one comaker with the consent of another suspends the running of the statute of limitations as to the latter. Erickson v.

Husemoller, 191 Minn. 177, 183, 184, 253 N. W. 361, *supra;* Nicholas v. Porter, 181 Ind. 332, 103 N. E. 842, Ann. Cas. 1916D, 326, and annotation; Winchell v. Hicks, 18 N. Y. 558; 37 C. J., Limitations of Actions, p. 1169, § 649, note 58. We decide the case upon the theory on which it was tried and upon the grounds on which decision rested below.

Affirmed.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.

[1]Reported in 7 N. W. (2d) 320.