Susan L. NORDIN, the Personal
Representative of the Estate of
Lester L. Nordin, Respondent,

v.

Roland RETZLAFF, Appellant.

No. A09–1854.

Court of Appeals of Minnesota.

July 27, 2010.

Thomas P. Klecker, Thornton, Reif, Dolan, Bowen & Klecker P.A., Alexandria, MN, for respondent.

Michael M. Fluegel, Jason G. Lina, Fluegel, Anderson, McLaughlin & Brutlag Chtd., Morris, MN, for appellant.

Considered and decided by SCHELLHAS, Presiding Judge; CONNOLLY, Judge; and WILLIS, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

SCHELLHAS, Judge.

Appellant challenges the district court's grant of summary judgment to respondent, arguing that his mother's third-party partial payment on a promissory note did not toll the statute of limitations under Minn.Stat. § 336.3–118(b) (2008). Respondent challenges the district court's denial of attorney fees and costs.

## FACTS

Appellant Roland Retzlaff and respondent Susan Nordin were previously married to one another. During their marriage, respondent's parents, Lester and Eleanor Nordin, advanced money to the parties. Neither Lester nor Eleanor Nordin demanded repayment of principal or interest until late 1997, when appellant and respondent were in the process of dissolving their marriage. On or about December 31, 1997, Lester Nordin presented appellant with a promissory note for $38,775 in favor of "Lester or Eleanor Nordin or Order," and appellant signed the note. Under the terms of the note, interest accrued on the unpaid balance at 7% per annum; no due date was stated; and appellant agreed "to pay the cost of collection . . ., including a reasonable attorney fee." In 1998, appellant and respondent's marriage was dissolved; in 1999, Lester Nordin, whose wife Eleanor had died, married appellant's mother, Edna.

Lester Nordin made no demand for payment and appellant made no payments of principal or interest on the note. But, on June 10, 2003, appellant's mother, Edna Nordin, made a $10,000 payment on the note to Lester Nordin. Upon payment, Lester Nordin made the following notation on the back of the note: "Received June 10, [2003] payment on note 10,000. No

interest to be paid—just balance of Note. LLN." Lester Nordin died on August 19, 2008. Appellant made no payment of principal or interest on the note after his mother made the $10,000 payment.

On December 23, 2008, respondent, in her capacity as personal representative of the estate of Lester Nordin, demanded that appellant pay the principal balance due on the note in the amount of $28,775. Appellant made no payment, and respondent sued appellant on the note in 2009.

Appellant and respondent brought cross-motions for summary judgment and stipulated that there were no genuine issues of material fact. Appellant argued that the 10–year statute of limitations in Minn.Stat. § 336.3–118(b) barred respondent's action to enforce the note. Respondent argued that the action was not barred by the statute of limitations because Edna Nordin's $10,000 payment on June 10, 2003, prevented the statute from running. The district court granted summary judgment to respondent, denied summary judgment to appellant, and denied respondent's request for attorney fees and costs. This appeal follows.

## ISSUES

I. Did the district court err by concluding that the third-party partial payment on the promissory note tolled the statute of limitations under Minn.Stat. § 336.3–118(b)?

II. Did the district court abuse its discretion by denying respondent attorney fees and costs?

## ANALYSIS

A district court shall grant summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

Minn. Const. art. VI, § 10.

show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "On appeal from summary judgment, we review de novo whether a genuine issue of material fact exists, and whether the district court erred in its application of the law." *Peterka v. Dennis,* 764 N.W.2d 829, 832 (Minn.2009) (quotation omitted). "We view the evidence in the light most favorable to the one against whom summary judgment was granted." *Id.*

I

■ A promissory note is payable on demand if the note does not state any time of payment, Minn.Stat. 336.3–108(a) (2008), and the parties here agree that the promissory note was payable on demand. The parties also agree that the statute of limitations applicable to enforcement of the note is set forth in Minn.Stat. § 336.3–118(b). But the parties disagree about whether the partial payment on the note made by appellant's mother in June 2003 tolled the statute of limitations.

Appellant challenges the district court's conclusion that his mother's $10,000 payment in June 2003 tolled the statute of limitations, arguing that enforcement of the promissory note is barred under Minn. Stat. 336.3–118(b), because he paid neither principal nor interest on the note for a continuous period of ten years—December 31, 1997 through December 31, 2007.

Section 336.3–118(b) provides that "[i]f no demand for payment is made to the maker [of a note payable on demand], an action to enforce the note is barred if neither principal nor interest on the note has been *paid* for a continuous period of ten years." (Emphasis added.) The district court determined that appellant's mother's $10,000 payment was made on appellant's behalf and that the payment

therefore tolled the statute of limitations. To determine whether the $10,000 qualified as a payment for purposes of section 336.3–118(b), the district court relied on Minn.Stat. 336.3–602(a) (2008), which provides that "an instrument is *paid* to the extent payment is made by or *on behalf of* a party obliged to pay the instrument, and to a person entitled to enforce the instrument." (Emphasis added.) In determining that appellant's mother's June 2003 payment tolled the statute of limitations under section 336.3–118(b), the district court did not analyze whether appellant authorized or ratified his mother's third-party partial payment. The district court omitted this analysis after concluding that the principles of law and equity applicable to the issue were displaced by Minn.Stat. 336.3–602(a). We must first address whether the district court's omission of this analysis was correct.

Section 336.1–103(b) provides that principles of law and equity supplement the provisions of the Uniform Commercial Code unless a particular provision of the code displaces them. The district court viewed section 336.3–602(a) as being a particular provision that displaced principles of law and equity. We disagree. Because section 336.3–602(a) provides only that an instrument "is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument," but does not state how to determine when such a payment is made, section 336.3–602(a) does not displace principles of law and equity.

■ Next, regarding whether the $10,000 payment was made on behalf of appellant, because no particular provision of the code states how to make the determination, principles of law and equity apply to this analysis. Under Minnesota law, "[p]art payment before the statute of limitations has run tolls the running of the statute upon the theory that it amounts to

a voluntary acknowledgment of the existence of the debt from which a promise to pay the balance is implied." *Bernloehr v. Fredrickson,* 213 Minn. 505, 507, 7 N.W.2d 328, 329 (1942). But the partial payment "must be made by the debtor himself, or by his authority, or, if not made by him personally or by his authority, it must be ratified by him." *Id.* In *Bernloehr,* a case appealed after a jury trial, the supreme court explained that

> a part payment upon a promissory note by one of two joint makers before the statute of limitations has run will not prevent the running of the statute of limitations as to the other maker, except where the part payment is made pursuant to the latter's authority, or where, if he did not authorize such payment, he subsequently ratified it.

*Id.* The court also noted that the lack of direct evidence of an express communication by one comaker to another to make payments did not preclude a finding that a comaker procured and caused another comaker to make payments. *Id.* at 508, 7 N.W.2d at 329. The court held:

> Where the evidence shows that, before the statute of limitations has run, defendant, one of two comakers of a promissory note, assured the payee that he would receive his interest from the other comaker, and shortly thereafter the interest was paid as promised by such comaker, it permits an inference that the payment was made at defendant's direction and by his procurement so as to interrupt the running of the statute of limitations as to him.

*Id.* Citing *Erickson v. Husemoller,* 191 Minn. 177, 253 N.W. 361 (1934) and other cases, the supreme court noted that "[t]he authorities seem to hold that part payment by one comaker with the consent of another suspends the running of the statute of

limitations as to the latter." *Bernloehr,* 213 Minn. at 508–09, 7 N.W.2d at 330.

*Erickson* involved a question of whether one comaker was bound by payments made by the other, so as to toll the statute of limitations as to both comakers. 191 Minn. at 181–82, 253 N.W. at 363–64. The supreme court noted that the defendant-comaker had gone "to his comaker and directed and induced him to make the payments," that he "thereby paid his own indebtedness as well as the indebtedness of his son-in-law," and that "[i]t was to his interest to have the payments made, and he induced the making thereof." *Id.* at 183, 253 N.W. at 363. Distinguishing the case from *Atwood v. Lammers,* 97 Minn. 214, 106 N.W. 310 (1906), which the court noted "was decided on the ground that there was no evidence to show that payment in question was authorized, consented to, or known of, by the defendant, or ever ratified by him," the *Erickson* court said, "we have evidence that defendant requested, consented to, and procured the payments to be made." *Erickson,* 191 Minn. at 185, 253 N.W. at 364.

■ Mere knowledge of payments made by a comaker is not sufficient to show ratification of the payments. *Pfenninger v. Kokesch,* 68 Minn. 81, 82, 70 N.W. 867, 867 (1897); *see also Woodcock v. Putnam,* 101 Minn. 1, 2–3, 111 N.W. 639, 639 (1907) (citing *Pfenninger* and holding that "[i]n order to prevent the running of the statute of limitations, a payment must be made by the debtor in person, or for him by his authority, or for him and in his name without authority, and subsequently ratified by him"). In *Pfenninger,* the supreme court stated that "[t]he mere fact that after defendant knew that his father had made these payments he verbally promised to pay the balance would not amount to a ratification of the payments as

having been made for him or in his behalf." 68 Minn. at 82, 70 N.W. at 867.

In summary, applying principles of law and equity, these cases require proof that appellant authorized or ratified his mother's third-party partial payment on the promissory note to constitute a payment that tolls the statute of limitations applicable to an action to enforce the note. We now apply these principles of law and equity to the undisputed facts of this case.

Appellant stated in an affidavit that:

7. No demand for repayment of the loan amount was ever made by Lester Nordin after I signed the note on December 31, 1997 until the Estate of Lester Nordin made its demand on December 23, 2008.

8. Some time after June 10, 2003, my mother, Edna Nordin, informed me that she had given Lester Nordin some money for the debt owed Lester Nordin. I do not remember how long after June 10, 2003 we had this conversation but believe it was no less than two months and no more than two years after June 10, 2003. This was the extent of our conversation regarding the matter.

9. I did not know how much my mother had paid Lester Nordin until I received the December 23, 2008 demand.

10. My mother, Edna Nordin[,] currently suffers from advanced Alzheimer's and is unable to provide evidence or testimony.

11. I did not authorize my mother to make any payments to Lester Nordin on my behalf, nor did I ever indicate or communicate to my mother, to Lester Nordin, nor to anyone else, my approval of said payment.

Appellant argues that because the only evidence before the district court supports his position that he did not authorize or ratify his mother's third-party payment on the note, the district court erred by concluding that the payment tolled the statute of limitations under Minn.Stat. § 336.3–118(b).

Respondent argues that the focus of our analysis should be on Lester Nordin's purported intent that the debt be repaid and cites several cases in support of this proposition. But none of the cases cited by respondent actually supports this proposition, and all of them were decided well before the 1992 enactment of the applicable statute of limitations. *See* 1992 Minn. Laws ch. 565, § 20, at 1832 (enacting section 336.3–118); *see also Andrews v. Andrews*, 170 Minn. 175, 183, 212 N.W. 408, 411 (1927) (noting the common-law rule limiting the time for making a demand for payment, but allowing for longer period when the parties contemplated an indefinite delay in making a demand); *Fallon v. Fallon*, 110 Minn. 213, 217, 124 N.W. 994, 996 (1910) (noting that when parties contemplated an indefinite delay in making the demand, the statutory period for bringing the action was not controlling as the question of reasonable time for making a demand under the common-law rule); *Portner v. Wilfahrt*, 85 Minn. 73, 75, 88 N.W. 418, 419 (1901) (holding that when it appears that money was to be paid upon demand, the statute of limitations did not begin to run until demand for payment was made). In addition, parties intentions are a question of fact, and here the parties stipulated before the district court that there were no genuine issues of material fact. We therefore reject respondents argument that we should focus our analysis on Lester Nordin's intent.

We agree with appellant that the record contains no evidence that appellant's mother made the $10,000 payment to Lester Nordin in June 2003 with appellant's authorization or ratification. The mere fact that appellant became aware of his moth-

er's payment some time after June 10, 2003, did not amount to ratification of the payment. Based on the caselaw that supplements the Uniform Commercial Code, we conclude that appellant did not authorize or ratify his mothers third-party partial payment on the note. We therefore also conclude that the district court erred when it concluded that the third-party payment by appellant's mother tolled the statute of limitations.

## II

Respondent argues that the district court abused its discretion by denying her claim for attorney fees and costs incurred in connection with her successful action to enforce the note. Because this court is reversing the district court's grant of summary judgment to respondent and denial of summary judgment to appellant, we do not reach the issue of attorney fees and costs.

## DECISION

No particular provision of the Uniform Commercial Code displaces the principles of law and equity applicable to a determination of whether a third-party's partial payment on a promissory note is made with the maker's authorization or ratification. Absent authorization or ratification by the maker, a third-party's partial payment on a note does not toll the 10–year statute of limitations applicable to an action to enforce the promissory note under Minn.Stat. § 336.3–118(b). Because appellant paid neither principal nor interest on the promissory note for a continuous period of ten years, the action to enforce the note is barred under Minn.Stat. § 336.3–118(b). Judgment for respondent is reversed.

**Reversed.**